EASTERN DIST.
March, 1838.

LEVY
vs.
JACOBS ET AL.

must be specially alleged.

======

LEVY *vs.* JACOBS ET AL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

The syndic is not discharged by the homologation of the tableau of repartition, when the judgment is silent as to his discharge, although he prayed for it. As long as any thing remains to be done, the functions of the syndic continue.

A cession made by an insolvent debtor, transfers all his property and rights to his creditors, both as to that which is placed on his schedule, and that which is not.

Eastern Dist.
*March,* 1838.

LEVY
*vs.*
JACOBS ET AL.

Where the vendor, having received one-third of the price, seeks a rescission of the sale, on account of the non-payment of the remaining two-thirds, he must refund or tender the sum paid, before he can recover.

The plaintiff instituted this suit against Samuel Jacobs, to rescind a sale of one-third undivided part or interest in thirteen squares or lots of ground, in the lower part of the city of New-Orleans. The sale was made in April, 1832, and in September, 1836, the defendant having failed to pay more than one-third part of the price, and after he became insolvent, the plaintiff sued for a rescission of the sale, without tendering or offering to refund the sum he had received in part payment.

The syndic of Jacobs's creditors intervened and claimed all the property rights and credits of Jacobs, for the use and benefit of his creditors. He alleged that this property was unknown to him before this suit, as it had not been put in the schedule of the insolvent.

The syndic further shows, that the plaintiff well knew of the failure of the defendant, and of his appointment as syndic of the creditors, but he never made known his claim, or called on him for payment of the balance of the purchase money still due, which it would have been the interest of the creditors to pay, as the property had increased in value. He prayed that the property be delivered to him, for the benefit of all the creditors, &c.

Upon this issue the case was tried. No demand had ever been made on the syndic, for payment, by the plaintiff.

The parish judge was of opinion, that as Jacobs had not complied with his obligation by paying the price, the plaintiff was entitled to a rescission of the sale, according to article 2539 of the Louisiana Code, and Mortee *vs.* Roach's Syndic, 8, Louisiana Reports, 81.

Judgment was rendered, rescinding the sale, and decreeing the whole property to the plaintiff, on his refunding to the syndic of the creditors of Jacobs, the sum which had been paid by the latter, as part of the price, and that the syndic pay the cost. The latter appealed.

*Preston,* for the plaintiff.

The syndic cannot intervene in this case, because it will be seen in the record of the proceedings of Jacobs against his creditors, that the syndic was discharged. This discharge appears from the judgment homologating his tableau of distribution, in June, 1835. He remained in court after that period, only to pay over the funds in his hands. 3 *Martin,* 589. 1 *Martin, N. S.,* 10. 2 *Louisiana Reports,* 289.

2. The seller has a right to have the sale rescinded, unless the *price be paid.* A part payment will not be sufficient. *Mortee vs. Roach's Syndic,* 8 *Louisiana Reports,* 81.

3. The syndic could in no way prevent a rescission, than by tendering the price, and completing the obligation of the purchaser. He was put in delay by the suit to which he has made himself a party. *Louisiana Code,* 1905.

*Schmidt, contra,* insisted that the parish judge erred, and that his judgment should be reversed :

1. Because the evidence shows that no demand was made of the syndic, who, by the surrender of the property of the insolvent, became vested with all his rights, of which he could not be divested, except by a suit against the creditors. *Morgan vs. His Creditors,* 7 *Louisiana Reports,* 60. *McIntire vs. Whiting, Ibid.,* 271.

2. Because the inferior judge has improperly applied the doctrine of Mortee *vs.* Roach's Syndic, which so far from sanctioning the position taken in the judgment, expressly recognizes the reverse. See that case, 8 *Louisiana Reports,* 81.

3. Because syndic was never put. *in mora,* which was requisite, if it be true that the rights of the insolvent became vested in him.

For all which reasons, judgment of inferior court should be reversed.

*Carleton, J.,* delivered the opinion of the court.

This suit was instituted in September, 1836, for the rescission of the sale of one third part of thirteen squares of ground, sold by plaintiff to the defendant, who failed to make

the second and third payments on the price, when they became due.

The defendant had previously called a meeting of his creditors, and in July, 1834, surrendered all his property for their benefit, but made no mention in his schedule of the land bought of the plaintiff. Their syndic, Peter Conrey, being advised of the institution of the suit, for the rescission of the sale, intervened, in July, 1837, and claimed the land in behalf of the creditors, on complying with the conditions of the contract towards the vendor.

The court rendered a decree, rescinding the sale, and restoring the possession of the property to the plaintiff, on his paying the syndic the portion of the price he had already received. The syndic appealed.

For the plaintiff, it is first insisted, that the syndic was discharged, by filing his tableau and account of administration, in May, 1835, and could not therefore act any longer for the creditors.

*The syndic is not discharged by the homologation of his tableau of repartition, when the judgment is silent as to his discharge, although he prayed for it. As long as any thing remains to be done, the functions of the syndic continue.*

We think differently. It is true, the syndic, in his petition, to which he annexed his tableau of repartition, prays for a discharge from his trust, but shows, at the same time, that he had not fully and finally administered the effects surrendered; and the judgment of the court homologates the tableau, but is silent as to the discharge. As long, therefore, as something remained to be done, the functions of the syndic necessarily continued.

*A cession made by an insolvent debtor, transfers all his property and rights to his creditors, both as to that which is placed on his schedule, and that which is not.*

It appears to us, that the cession made by the insolvent, transferred to the creditors his right to the third part of the land in question, as fully as any other property he possessed, and that his omission to mention it on his schedule, cannot prejudice them.

It is furthermore contended for the plaintiff, that the creditors could not prevent the rescission of the sale, except by tendering the sum due on the remaining instalments of the price; while, on the other side, it is insisted, that the plaintiff should have taken the first step, and tendered the portion of the price already paid by the insolvent, before he could demand the rescission.

We think this latter position correct. The contract between the vendor and vendee was reciprocal; a part of the price had been paid, and the property vested in the purchaser, whose rights were ceded to his creditors; and the vendor could not avail himself of any benefit resulting from his engagement, until he had previously refunded or tendered the portion of the price already received.

The case of Mortee vs. Roach's Syndic, cited and relied on in argument, differs from this in one material fact; *there,* no part of the price of the slaves were paid, while in the case before us, one-third of the purchase money had been received before the rescission was claimed.

Eastern Dist.
*March,* 1838.

LEVY
vs.
JACOBS ET AL.

Where the vendor, having received a third of the price, seeks a rescission of the sale on account of the non-payment of the remaining two-thirds, he must refund or tender the sum paid, before he can recover.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be avoided and reversed; that Peter Conrey, as syndic of the creditors of the defendant, recover one-third part of the thirteen squares of ground, mentioned in the plaintiff's petition; that he place said plaintiff, as a privileged creditor, on the tableau of repartition, for the sum of six hundred and thirty-six dollars and sixty-six and two-third cents, the balance due on the price, with interest; that is, for the sum of three hundred and eighteen dollars and thirty-three and one-third cents, with interest from 2d of March, 1834, until paid: and three hundred and eighteen dollars and thirty-three and one-third cents, with interest from 2d of March, 1835, until paid; and it is further ordered, that the plaintiff and appellee pay costs in both courts.