## PLICQUE &amp; LEBEAU *vs.* PERRET—Françoise Pain Intervenor.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT FOR THE PARISH OF
ST. MARY, THE JUDGE OF THE SIXTH PRESIDING.

Where notes are given in renewal of those sued on, although such renewal as
    between the parties may not operate a novation, so as to affect the mortgage
    by which ultimate payment is secured, yet the plaintiffs cannot recover
    without producing or satisfactorily accounting for the notes given in
    renewal.

In judgments of the Supreme Court, the reasoning is less to be regarded, than
    the final conclusion announced; so when the decree is positive, without any
    reservation, it is *res judicata* as to all the matters in dispute.

No matter in what form of action or proceeding,whether by petition,exception
    or intervention, the question may have been presented, if the same question
    once judicially decided between the parties, be again agitated, it is sufficient
    to create the presumption resulting from the *thing adjudged,* and forms a
    complete bar.

This is an action on several notes executed to the plaintiffs
in liquidation of a large account for advances, supplies and
purchases of slaves for Ursin Perret, the defendant. The

plaintiffs allege there is a balance due them of $55,333, for which they pray judgment.

WESTERN DIS.
September,1841.

PLICQUE &
LEBEAU
vs.
PERRET ET AL.

They further allege that the defendant executed a mortgage by act under private signature, the 5th April, 1831, on a plantation and a large number of slaves, situated in the Parish of St. Mary, to secure the payment of the original debt of $80,000. That this debt was reduced to the sum of $55,333 with ten per cent. interest, from the 31st March, 1834: That some of the negroes thus mortgaged were sold, by which the debt was reduced to this sum. The petitioners pray that the property mortgaged be sold to satisfy their mortgage. The suit is instituted on the original notes, although it appears there were renewals of them and payments made.

The defendant pleaded a general denial. He set up several matters in defence, and prayed that the plaintiffs' demand be rejected, and that the said act purporting to be a mortgage be annulled and cancelled.

The wife of defendant, Françoise Pain, now intervened; averred she was separated in property from her husband, and claimed all the property described in the instrument or act of mortgage, under private signature, as her separate property; she opposed the claim of the plaintiffs so far as they seek to set up the mortgage against her rights and interests; or in so far as they seek to make the property alleged to be mortgaged, liable for their claim against her husband. She also pleads a former judgment in her favor, and against the plaintiffs, as res judicata in this case.

The plaintiffs replied to the petition of intervention, and plead a general denial. They specially deny the exception of res judicata; and contend that she is bound by her act of renunciation, (act annulled; see 10 La. Rep., 304.) They pray that her demand be rejected, and that she be declared bound with her said husband in said act.

The defendant pleaded the prescription of 5 years against the notes, &c.

The whole case under these pleadings and issues was

WESTERN DIS. submitted to a jury, who returned a verdict in favor of the
September,1841. plaintiffs for $55,333, with ten per cent. interest, against the
PLICQUE & defendant, Perret, and in favor of the intervenor against the
LEBEAU
vs. plaintiffs. There was judgment confirming this verdict; and
PERRET ET AL. cancelling the act of mortgage so far as the intervenor, Fran-
çoise Pain is concerned, and that she be quieted in the
possession of the property, &c., which is declared free of the
plaintiffs' claim, &c. The plaintiffs appealed.

*Mazureau*, for the plaintiffs and appellant.

*Crow*, for the defendant, Perret.

*T. H. Lewis*, for the intervenor, Madame Fr. Perret.

*Bullard*, J. delivered the opinion of the court.

The plaintiffs sue to recover of U. Perret, the sum of fifty-
five thousand three hundred and thirty-three dollars, being a
balance due on sundry promissory notes amounting originally
to the sum of $80,000, but reduced by payments to the amount
claimed, secured by mortgage on a plantation and a large num-
ber of slaves, bearing date the fifth day of April, 1831, as
evidenced by an act under private signature of that date. They
pray judgment against him for that balance, with interest at
ten per cent., and that the mortgaged premises be seized and
sold to satisfy the same.

The original defendant denied his indebtedness, averred
that he had been induced to execute the notes and act of mort-
gage by false and fraudulent representations of the plaintiffs
that he was indebted to them in that amount, when as in fact
he did not owe them one-half of the amount. That the whole
of the act is false, fraudulent and void. He further avers that
the plaintiffs have received from him two crops of sugar
amounting to twenty thousand dollars, which added to the price
of a large number of the slaves mortgaged, which have since
been sold and the price paid over to the plaintiffs, makes about
seventy thousand dollars received by them, which is more than
he owed. He alleges that the rest of the property has been

sold under execution and has gone out of his possession; and
he prays that the act may be declared null and the plaintiff's
suit be dismissed.

The wife of the defendant, who is separated in property from him, intervened in the suit and represents in her petition that the act of mortgage set up by the plaintiffs as one under private signature, is the same which was attacked by her in her suit against the present plaintiffs in the same court, numbered 1584, and which in that suit the plaintiffs alleged was sufficient in law to bind the intervenor, and that the same was an authentic act of mortgage. That final judgment was rendered in that case in her favor and against the said Plicque & Lebeau, ordering and decreeing, among other things, that the said act be forever cancelled, quashed and set aside, so far as she was concerned. That the said Plicque & Lebeau prosecuted an appeal from said judgment, but that the same was affirmed in the Supreme Court. She further represents that in the same suit she set up, among other things, that she had instituted a suit in the same court claiming a separation of property from her husband, and claimed as her separate property all the slaves then in her husband's possession, which she had acquired by inheritance from her father and mother; that she further claimed against her husband a large sum of money due her, together with the right of mortgage upon all the property in possession of her husband, and in preference to any right of Plicque & Lebeau, the plaintiffs, and she prayed in that suit that they might be cited as parties to make opposition if they thought proper. That they did appear and contest her right of mortgage and also to her own slaves, and her right to obtain any judgment against her husband, and that all the matters and things thus set up and contested were finally decided by the said court against the present plaintiffs, and the judgment afterwards affirmed by the Supreme Court, so that all the said matters and things have acquired the force and effect of the thing adjudged, and she formally interposes the exception *res judicata.* She proceeds to allege that notwithstanding the

WESTERN DIS. opposition of creditors she recovered a final judgment against her
September,1841. husband, which was also finally affirmed by the Supreme Court.

PLICQUE &          The plaintiffs answered the petition of intervention by a ge-
LEBEAU
vs.          neral denial, and they specially deny the authority of the thing
PERRET ET AL. adjudged, and allege that she is bound by the act of renuncia-
tion, of which a copy is annexed to the plaintiff's petition.
They conclude by praying that she may be adjudged to be
bound by her said renunciation and that her mortgage may be
postponed to that of the plaintiffs.

Upon the issues thus made up between all the parties judg-
ment was pronounced by the District Court against the hus-
band for the balance of $55,333, with interest at ten per cent.,
and in favor of the wife, sustaining her exception *res judicata.*
The original plaintiffs, Plicque & Lebeau, appealed, and Ursin
Perret alleges in his answer in this court there is error to his
prejudice and that the judgment below ought to have been in
his favor.

The case therefore presents in this court questions quite dis-
tinct as it relates to the two parties defendant and intervenor
in the court below; and we proceed to examine it first as it
concerns the husband, Ursin Perret; and secondly as to the
wife:

I. As against the husband, the plaintiffs claim a judgment
for a large balance on fourteen notes signed by him, and which
were given in evidence on the trial, being of even date with
the act of mortgage, purporting to have been passed before a
notary.

It appears that previously to the trial the plaintiffs were or-
dered " to produce their mercantile books which exhibit all the
transactions between them and the defendant, between 1829
and 1837, to be used on the trial." Some books were accor-
dingly brought forward, but as appears by the affidavit of one
of the plaintiffs, the books produced do not contain and show
all the transactions between the plaintiffs and the defendant,
but that they have other books not called for and which con-
tain and show said transactions. It does not appear very

clearly whether the books not produced relate to transactions previously to 1829 or subsequently. Extracts from the books produced on the trial were read in evidence by both parties. Various entries were extracted and come up with the record, from which it appears that most of the notes drawn by Ursin Perret and endorsed by Pajot Perret, dated April, 1831, and payable in all March, 1832, had been renewed and other notes given in place of them, payable the following year. The notes thus given in renewal are neither produced nor accounted for. Although the renewal as between the parties may not operate novation so as to affect the mortgage by which the ultimate payment is secured, yet we are of opinion that the plaintiffs cannot recover without the production of or satisfactorily accounting for the notes given in renewal. In relation to some of the notes it appears from the books that more than one renewal has taken place. The same original debt may subsist so far as the parties are concerned, but the new note is the best evidence of what really remains due. If not produced the judgment pronounced in the present case would not be a bar to a future action upon them. But in point of fact as it relates to some of the notes now sued on, it appears from the books that they were paid. It may be said that the plaintiffs have given credit for what has been paid, and now claim only a part of the original amount. To that it may be answered, that such a mode of proceeding leaves the defendant completely at the mercy of the plaintiffs, and without the means of verifying whether all his payments have been credited.

Under this view of the case, the judgment, so far as the defendant, Ursin Perret, is concerned, must be reversed and the case remanded.

II. The case of Madame Perret, which we now proceed to examine, presents the question whether the exception *dicata* was properly sustained by the court below; and if not, whether her renunciation in the act now treated as one private signature be valid and binding upon her.

It is proper first to notice an objection made by the counsel

WESTERN DIS.
*September,*1841.

PLICQUE &
LEBEAU
*vs.*
PERRET ET AL.

Where notes are given in renewal of those sued on, altho' such renewal as between the parties may not operate a novation, so as to affect the mortgage by which ultimate payment is secured, yet the plaintiffs cannot recover without producing or satisfactorily accounting for the notes given in renewal.

HARVARD LAW SCHOOL LIBRARY.

WESTERN DIS. for the plaintiffs, which relates to the construction of the judg-
*September*,1841. ment pronounced by this court in the first case, as reported in
PLICQUE & the 10th volume of the Louisiana Reports, 304.    It is contend-
LEBEAU
*vs.* ed by him that the court reserved the question as to the legality
PERRET ET AL. and validity of the wife's renunciation, and pronounced only
upon the character of the act by which it was evidenced ; de-
claring it to be not an authentic act, and not proved as one
under private signature by the production of the original.   He
maintains that the convention or contract may well exist in full
force although the instrument by which it is evidenced may
be null as a notarial instrument ; and that the obligation would
survive even the destruction of all evidence of it ; and that the
Supreme Court did not decide on the validity of the agreement
by which Madame Perret renounced her legal mortgage in
favor of the plaintiffs, but merely that the act was not valid as
an authentic one, because not executed in presence of two wit-
nesses.    The counsel refers to the following expressions used
in the opinion of the court, to show that the question of right
and obligation was reserved :    " We have not examined whe-
ther this act may be opposed to her as an act *sous seing privé*,
because it was not urged."

Expressions such as that above quoted, cannot be properly
In judgments regarded as controlling the formal judgments pronounced by
of the Supreme this court.    The reasoning of the court is less to be regarded
Court, the rea-
soning is less to than the final conclusion announced ; we are to enquire rather,
be regarded,
than the final what was *done*, than what was *said*, especially in an isolated
conclusion an-
nounced;      so sentence which, when taken in connection with the context,
when the de-
cree is positive, may have quite a different meaning.    It is true, this court ap-
without any re-
servation, it is parently looked more to the form of the act, than to its sub-
*res judicata* as stance, perhaps upon the commonly received opinion, that the
to all the mat-
ters in dispute. authentic form of the act in such a case was of the essence of
every renunciation on the part of a married woman.    After
expressing the opinion therefore, that the act, being proved not
to be authentic, could not be opposed to her, and that the re-
cord showed the plaintiff's, that is Madame Perret's claim
against her husband, and her legal mortgage on the premises,

*according to the prayer of the petition,* the court might well regard that as not existing, which was not shown to exist, and remark, that we had not considered it our duty to examine a question, which the parties had not raised, to wit : what would be the result, if the act had been insisted on as one under private signature. The court proceeded to affirm the judgment of the district court in all its parts. If it had been the intention of this court to reserve the question now presented, the judgment below would have been modified, as is our uniform practice. But such was not the case, and we are bound to consider the judgment of the district court, as forming that of this tribunal, just as much as if it had been copied into our formal decree, affirming that of the court below.

We proceed then to enquire, what was litigated and adjudicated in that case, and whether the same matters and questions are again agitated in this, between the same parties ? If so, the court below did not err in sustaining the exception, and if not, the question still remains open in this case, whether the appellee, Madame Perret, has validly postponed her mortgage to that of the appellants.

The judgment pronounced in the case of Madame Perret vs. Plicque & Lebeau, which was affirmed by this court, was " that the plaintiff's renunciation contained in the act of mortgage described in her petition, be rescinded and annulled, and that the said act, together with the order of seizure and sale and other proceedings had upon the same, be forever cancelled, quashed and set aside so far, as the plaintiff is concerned in the same ; and that the injunction sued out in this case be made perpetual," &c. The petition in that case alleged, "that the obligations pretended to be stipulated in that act, and the renunciation therein made, are so far as she is concerned, null and void : 1st, because she never knowingly consented to the same ; 2d, because her signature to the act was obtained by fraud, surprise and deception, &c.; 3d, because the said obligations and renunciations, although they should appear to have been consented to by her, are in themselves, so far as they are

WESTERN DIS.
September,1841.
————————
PLICQUE &
LEBEAU
vs.
PERRET ET AL.

calculated to prejudice her rights, null and void, inasmuch as the said obligations and renunciations are intended to have the effect of making your petitioner contract as the security of her husband, which is not permitted to be done either directly or indirectly." " She therefore prays, its nullity may be declared by the court." In the answer to the petition of injunction, Plicque & Lebeau aver, that the act, on which the order of seizure and sale had been obtained, " is sufficient in law to bind the parties thereto ;—that the said act ought to have its full effect, and the plaintiff bound by the stipulations and renunciations contained in the said act," &c.

Thus we see, that on the part of *Plicque & Lebeau* the validity and binding force of the contract and renunciations of Madame Perret are asserted, and on her part their nullity is averred not only on the ground of a want of consent voluntarily given with a full knowledge of her rights, but because the principal obligation therein contracted, and the renunciation are prohibited by law, inasmuch as she thereby becomes the security of her husband for a debt of his contracting.

Let us next enquire, what are the questions, which the pleadings in the present case present for adjudication, and whether they be identical with those already settled by the first judgment.

Plicque & Lebeau bring their action against the husband upon the same notes, secured by the same mortgage, which they sought to enforce by the order of seizure and sale in the former case. The same instrument, which was in that case pronounced not authentic, is now insisted upon as an act under private signature. The wife intervened as above stated, urging, that so far as it concerns her and her title to the property, brought into marriage and purchased under her judgment of separation, her renunciation had been declared null and void, and the judgment pronounced in the suit against her husband contradictorily with the plaintiffs, and in that case forms the authority of the thing adjudged between the parties. This is denied in the answer of Plicque & Lebeau, who further allege,

that the intervenor is bound by her act of renunciation, and they pray, that she may be so declared, and that the mortgage by her claimed may be postponed to that of the plaintiffs.

WESTERN DIS.
September,1841.

PLICQUE &
LEBEAU
vs.
PERRET ET AL.

Of the four requisites to constitute the authority of the thing adjudged, to wit : identity of the thing demanded, identity of the cause of action, identity of parties, and of the capacities in which they act, no doubt can exist in this case, except as to the two first.

The object or thing must be the same. What are we to understand by the object or thing ?  " Il faut," says Touillier, "·suivant les jurisconsultes Romains, que ce soit le même corps, la même quantité, s'il s'agit de choses corporelles ; le même *droit*, s'il s'agit de choses incorporelles ;"  " idem cor-·pus, quantitas eadem, idem jus."  X. Toul. 144.

The *right* in controversy in the first case, which was claimed by Plicque & Lebeau, and denied by Madame Perret, was that of seizing and selling certain lands and slaves, to pay their debt · in preference to the wife under her mortgage or claim. That right of preference, it was asserted, was conferred by an agreement on the part of Madame Perret, entered into before a notary and two witnesses, which was binding upon her. This was denied by her, and the nullity, not only of the act as one purporting to be authentic, but that of the *contract or convention* itself, which it evidences, as prohibited by law, was insisted upon by her.    This convention or agreement formed the cause of action, *causa petendi*.  " Il ne faut pas confondre la cause de la demande avec les moyens de la prouver.   Cette confusion serait une grande erreur.   Que faut-il donc entendre par la cause de la demande, *causa petendi ?*   Car le mot est un peu vague.   Il importe beaucoup d'en déterminer le sens précis.   C'est, dit Neratius, la cause prochaine de l'action— *causa proxima actionis*,—et non pas l'espèce ou le genre d'action qu'un plaideur choisit pour demander en justice la chose qu'il réclame : car deux actions différentes peuvent avoir la même cause : la même cause peut produire plusieurs actions. Si la chose demandée est la même, la seconde action quoique

PLICQUE &
LEBEAU
vs.
PERRET ET AL.

différente de la première, doit donc être repoussée par l'exception de la chose jugée." X. Toullier. No. 161.

In the first case, the creditors Plicque & Lebeau adopted the summary proceedings by order of seizure and sale, alleging that their act of mortgage imported a judgment confessed ;—in the present case, they resort to the ordinary action, and if no other question had been decided but the authenticity of the act purporting to have been passed before De Armas, no doubt can exist as to the right of the plaintiffs, to change their form of action.

But in the first suit Madame Perret interposed by way of injunction, insisting that her rights could not be affected by a contract not only null in its form but its substance, as above stated.   In the present case, she comes forward in a different form, by intervention, and presents the same question, and by answer to her intervention the plaintiffs again insist upon the validity of the contract of Madame Perret and of her renunciation of the laws in her favor, even considered as evidenced by act under private signature.   But no matter in what form of action or proceeding, whether by petition or exception or intervention, the question may have been presented, if the same question, once judicially decided between the parties, be again agitated, it is sufficient to create the presumption result-ing from the thing adjudged, and forms a complete bar.   " Exceptio rei judicatæ obstat, quoties inter easdem personas, eadem quæstio revocatur, vel alio genere judicii."

*No matter in what form of action or proceeding, whether by petition, exception or intervention, the question may have been presented, if the same question, once judicially decided between the parties, be again agitated, it is sufficient to create the presumption resulting from the thing adjudged, and forms a complete bar.*

The able argument of the counsel for the appellant, which has been ably answered, has failed to convince us, that the question touching the obligatory force of the contract on the part of Madame Perret, and the validity of her renunciation, is still open.   On the contrary, we are of opinion, that the court below did not err in sustaining the exception.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court, so far as it relates to Française Pain, wife of Ursin Perret, be affirmed with costs, and so far as concerns the said Ursin Perret, that it be annulled and re-

versed, and that the case be remanded for a new trial as to him, and that the costs of the appeal be borne by the plaintiffs and appellants.