WILLIAM C. DWIGHT, Syndic of the creditors of Baynard C. Robert, an Insolvent, *v.* ALFRED SMITH, Tutor of Johanna Robert and others, minors.

In an action against a tutor for the board, tuition, &c. of his wards, the latter, though represented by their tutor, are substantially parties to the suit, and cannot be called by the plaintiff as witnesses.

Parties to an action cannot be examined as witnesses, in the ordinary form.

A debt due to an insolvent who has made a surrender of his property, whether placed on his schedule or not, passes by the surrender to his creditors, with all his other property ; and the syndic may sue to recover it.

APPEAL from the Court of Probates of St. Mary, *Dumartrait*, J.

*Dwight*, appellant, *pro se*, urged : That all the rights and property of insolvent pass to his creditors by the surrender, whether on the schedule or not. 2 Rob. 137. 11 La. 531. 12 La. 109. That the minors represented by the tutor are good witnesses for plaintiff, because called to testify against their interest. 3 Rob. 227. 2 Rob. 338. 3 Mart. 73. 4 Mart. 471. 6 Mart. 256.

*Splane*, for the defendant.

BULLARD, J. This is an action against the tutor of certain minors, to recover an amount alleged to be due to the plaintiff's insolvent, for board, lodging, tuition and money paid for them according to the account annexed to the petition. The defendant first answered by a general denial, and then answered that

Roberts, the insolvent, had no such claim as the one sued on, never placed it on his schedule when he made his surrender, and that consequently the plaintiff has no right to sue for it, nor for any debts not placed on said schedule. The plaintiff is appellant from a judgment of dismissal.

The plaintiff relies for a reversal of the judgment, upon a bill of exceptions, from which it appears : *first*, that on the trial the judge refused to order an attachment to issue to bring into court as witnesses for the plaintiff, the minors, whose tutor was the defendant in the case, upon showing a return upon a subpœna served on them ; and *secondly*, that he rejected several witnesses brought forward by the plaintiff to prove the account sued upon, on the ground that evidence of the account was inadmissible, because it was not placed on the schedule of the property surrendered by the insolvent, and that it was going beyond an item placed on the said schedule on account of schooling.

In our opinion the judge did not err in refusing the attachment. The minors, though represented by their tutor, were substantially parties to the suit ; and although in general a witness may be called to testify against his interest, yet we think that parties cannot be examined as witnesses in the ordinary form.

But the court, in our opinion, erred, in refusing to admit evidence in support of the account sued on. Whether the claim was, or was not on the schedule, is of little importance. If it was in point of fact a debt due to the insolvent, it passed by the surrender to his creditors, together with all his other property or effects, whether mentioned or not, in the schedule. 11 La. 531. 12 La. 109. 2 Rob. 133.

Nor does the second objection appear to us to have any force. The item on the schedule relating to schooling, does not, in terms, apply to the defendant's pupils, but is general, as an amount of $300 due "*on account book of my school.*" The two charges are not inconsistent with each other.

It is, therefore, adjudged and decreed, that the judgment of the Court of Probates be reversed, and that the case be remand-

ed, with directions to the judge not to reject any legal evidence in support of the account sued on ; and that defendant pay the costs of this appeal.