## No. 116.

### WILLIAM C. HARRISON *v.* FLAVIUS C. GODBOLD.

1. In determining the question of *res judicata*, it is the decretal part of a judgment which must govern.

2. In determining upon such a plea, the reasoning of the court can be resorted to only when the decretal portion is ambiguous.

3. Where plaintiff and defendant present claims and counter claims, and there is judgment in favor of either, for a specific sum and without reservation, the judgment is not ambiguous, but concludes the whole controversy.

4. Where a defendant presents a counter claim, either in the way of reconvention or compensation, which is not properly pleadable as such, and the court *a qua*, despite plaintiff's objection, permitted a full examination of such counter claim, this Court, although disapproving of the ruling of the judge *a quo*, may examine the merits of the defendant's demand, and determine against it, if not supported by the law and evidence.

5. Where a party by vicious pleadings drags another into court, and despite the protests of the latter, compels him to disclose fully his defense, and it is a good one, this Court will pass over the objections made by him, and in his interest will put the controversy at rest.

6. Where a judgment is susceptible of two interpretations, that one will be adopted which renders it more reasonable, effective and conclusive.

*Appeal from Civil District Court, Division E.   Lazarus, Judge.*

*G. L. Hall* for plaintiff and appellant.

*T. M. Gill* for defendant.

ROGERS, J.—The issues presented in this case were before us in the cause of F. C. Godbold vs. W. C. Harrison, which we decided in favor of the plaintiff. The questions now presented in the form of a direct action by Harrison were in the first case urged by way of a demand in reconvention. We were of opinion, after an examination of the pleadings and evidence, the proceeding by demand in reconvention should not be sustained; but the defendant, now plaintiff, was permitted to support his reconventional demand by evidence in the lower court. He was fully heard, and the testimony was before us,

and we were in a position to understand the merits of his cause, and with propriety could have so modified our decree as to grant him the right to another form of action; and while required to determine the direct questions of pleading and practice set up in the bills of exceptions, we were not compelled to restrict our rulings to these questions alone. All matters were before us, and it was our duty as well as our right, to make our judgment definitive and final. This, in our opinion, was done; and thus plaintiff so understood it, as he sought in an application for a rehearing to obtain such a modification in our decree as would settle his right to his present suit; this we declined.

We held that Godbold had been in the employ of Harrison for years. His salary had been repeatedly increased, and with every change, board had been included, although not specially mentioned. When it came to make the last agreement, Godbold had the right to suppose that his board would be still included, as before, and if Harrison contemplated any change in this respect, it was his duty to have so declared. 1 McGloin, 35.

We are now called upon to hear and determine this question again. Why we should do so is not shown by any change of averment, nor argument that there is a reason for a change in our opinion, or that the rights of the party have not been fully passed upon. If our judgment is susceptible of two interpretations, we have the right to give to it that which, in our opinion, renders it the more reasonable, effective and conclusive. 6 La. An. 181.

The plea of *res adjudicata* was properly sustained by the judge *a quo* and his judgment is affirmed.

## ON APPLICATION FOR REHEARING.

McGLOIN, J.—It is now well settled that in determining the question of *res adjudicata*, it is the decretal part of a judgment which must govern; that the only purpose which the

reasoning of the court may serve, is to interpret the latter, where it is ambiguous. Chaffe Bros. *v.* Morgan, 30 La. An. 1310; Davidson *v.* Carroll, 23 La. An. 108; Succession McDonogh, 24 La. An. 34; Davis *v.* Millaudon, 17 La. An. 97; Fisk *v.* Parker, 14 La. An. 496; West Feliciana R. R. Co. *v.* Thornton, 12 La. An. 736; Keane *v.* Fisher, 10 La. An. 261; Pepper *v.* Dunlap, 5 La. An. 200; Thompson *v.* Mylne, 4 La. An. 211; Plique & LeBeau *v.* Perret, 19 La. 324; Hill & McGunnigle *v.* Bowman, 14 La. An. 446; Marcadé, vol. 5, p. 386.

In the original litigation, plaintiff and defendant presented to the court claims and counter claims, upon which evidence was received, and this tribunal, in its decree, without any reservations whatsoever in favor of defendant, gave judgment for a specific sum for the plaintiff. Under the authorities, such a judgment is not ambiguous, but constitutes a complete disposal of all the issues. Theriot *v.* Henderson, 6 La. An. 222; Erwin *v.* Bissel, 17 La. 96; Powell *v.* Graves, 14 La. An. 874; Plique & LeBeau *v.* Perret, 19 La. 324; Kelly *v.* Caldwell, 4 La. An. 40. See, also, Succession McDonogh, 24 La. An. 34.

In the case of Godbold *v.* Harrison, defendant in that case, plaintiff in this, applied for a rehearing, on the ground that our decree was final as to the cross claims presented by him; whereas, we had in fact determined the case only upon questions of pleading. We agreed with him in the first part of his proposition, but declined reopening the case. Notwithstanding the insufficiency of his pleadings, he had been enabled by the view taken by the judge *a quo*, to make a full showing upon his claims. He had compelled the plaintiff to combat them despite his protests. The whole case was, therefore, fully before us. We had examined the evidence carefully, heard counsel, and had the benefit of briefs, and were in every way in a proper condition to render justice.

We considered it proper under the circumstances, although our written opinion directed itself more particularly to the questions of pleadings, to allow the decree to remain a definitive one.

Litigants cannot drag their opponents into court upon vicious pleadings, and after the merits of the controversy have been fully disclosed, despite the protests of the latter, seek, when victory rests with the adversary, thus forced wrongfully into the controversy, to take advantage of their own errors to impose upon the latter the annoyance and expense of a second suit involving the same issues.

In such a case, where the circumstances permit it to be done with justice, the Court, in the interest of the party aggrieved, while reprobating the errors of pleading or practice, may, and in fact should, put the controversy at rest forever. See Copley *v.* Robertson, 6 La. An. 181, 182.

Rehearing refused.