On Rehearing.
Fenner, J.
A careful review of the facts and law of this case convinces us that the judgment rendered in suit No. 1198 is binding as res judicata upon all the parties plaintiff herein, so far as the consideration upon which the judgment rests is concerned, and that there exists no lawful ground for annulling said judgment or sale made in pursuance thereof.
The arguments on the original hearing were addressed so prominently to the questions considered and decided by us in our original opinion, that our attention was diverted from this feature of the case.
We do not mean to contradict the doctrine that the judgmentsought to be annulled cannot be opposed as res judicata, to the action of nullity itself. 29 A. 599 ; 32 A. 15.
We merely mean that if there be no other ground of annulling the judgment than error of decision upon the issues involved, the decision upon those issues is final as between the parties to the litigation and operates as res judicata. This is self evident.
The parties to the suit No. 1198 were as plaintiffs, the executors of John Bird, the authors of the defendant corporation, and called herein as its warrantors ; as defendants, Mr.s. Bonning, personally, and as tutrix, John Bonning, co-tutor, and to authorize and assist his wife, and John F. Piker, under-tutor of the minors, George M., Elizabeth Ann, Mary C. and Emma G. Heroman, and finally, Frederick Heroman, a major heir.
We think it clear that, at least, in absence of fraud, the minors thus brought into court, through their tutrix, co-tutor, and under tutor, are as fully bound as if they had been majors and personally cited. La. State Bank vs. Nav. Co.; 3 An. 313; Johnson vs. Weld, 8 An. 126; Shaffer vs. Scuddy, 14 An. 575.
There was no other way of bringing them into court, and it is the mode provided by law. C. P. 115, 116, 108; C. C. 337; Dwight vs. Smith, 9 Rob. 32; Perche vs. Ledoux, 12 An. 350; Martel vs. Richard, 15 An. 598.
All objections as to citations are shut off by the appearance and answer of all the defendants through attorneys of the highest character whose authority to represent them is not disputed. What were the *814 issues in the case1? The petition sets forth, substantially, all the proceedings discussed by us in our original opinion, viz : the original loan by John Bird to Geo. M. Heroman, secured by mortgage; the death of Heroman ; the executory proceedings in suit 290; the sale and adjudication to Mrs. Bonning; the execution of her notes for the price and mortgage on the property; the proceedings of the family meeting of June, 1866, ratifying the sale to Mrs. Bonning, and assuming the notes and mortgage executed by her for the price as binding on the heirs; and it prayed for judgment against the defendants on said notes with recognition of the mortgage, and decreeing that the property be seized and sold to satisfy the same.
The answer is as follows :
“ The defendants now come into court, and for answer say, that the notes sued on should not be paid, and that they are not bound to pay them — that they are wholly without consideration; pray that plaintiffs’ petition be rejected, and for general relief.”
It seems beyond dispute that the issues thus framed involved directly the validity and binding effect of the proceedings under which the liability of the defendants and of the property, for the debt and mortgage, was asserted in the petition.
Our original decree herein iudieates that w'e should have decided those questions differently; but the judgment rendered by the court in the suit itself, No. 1198, conforming to the prayer of the petition, sustained the demand of the plaintiffs therein and, therefore, decided the issues involved in their favor.
All the present plaintiffs were parties to that suit.
The jurisdiction of the court over the subject matter of the controversy does not admit of dispute.
No appeal having been taken, and the delay allowed by law therefor having expired, the finality of the judgment is as complete as if it had been reviewed and affirmed by this Court.
No principle of the law is more inflexible than that which fixes the absolute conclusiveness of such a judgment upon the parties and their privies. Whether the reasons upon which it was based were sound or not, and even if no reasons at all were given, the judgment imports absolute verity, and the parties are forever estopped from disputing its correctness. Cooley on Const. Lim, pp. 47, et seq., and authorities there cited.
“Matters once determined in a court of competent jurisdiction, may never again be called in question by parties or privies against objection, though the judgment may have been erroneous and liable to, and certain of, reversal in a higher court.” Bigelow Est. 3d Ed., Outline, p. Ixi, 29, 57, 103.
*815 “ The estoppel extends to every material obligation or statement which, having been made on one side and denied on the other, was at issue in the cause, and was determined therein.” Aurora vs. West, 7 Wall. 102; 4N. Y. 113; 2 An. 462; 14 An. 576; 19 La. 318; 5 N. S. 664; 11 M. 607; 14 La. 233; 5 N. S. 170.
It is vain now to contend that the proceedings anterior to the suit, upon which the liability of the defendants and of the property was based, were absolute nullities. That was matter of defense to the suit. The court, in rendering judgment, necessarily affirmed the validity of those proceedings, and, right or wrong, it stands as a thing adjudged.
Equally vain is it to contend that the court had no right to order the property to be seized and sold. This was the relief asked in the suit and adjudged by the court, and is equally concluded by the judgment. The proceedings in execution being eomformable to the express terms of the judgment, cannot be questioned.
We find nothing in the facts, as presented by the record, or in the argument and authorities of plaintiffs’ counsel, to restrain or avoid the application of these well settled principles.
We cannot, consider the point made, in argument, that Mrs. McNabb, one of the plaintiffs, though a minor when the suit was instituted, had reached majority before the judgment was rendered, and that, therefore, the judgment against her former tutrix, and under tutor, did not bind her. . • ■
No such ground of nullity is set up in the pleadings, and it. does not fall within the issues presented in the case. We cannot notice it. The equity of the case, as well as the law, is clearly with the defendants. The plaintiffs have no rights not derived from their ancestor, George M. Heroman, and it is beyond dispute that he received from John Bird twelve thousand dollars in good money, as the consideration ujmn which, ultimately, the claim in suit No. 1198 rested. ' The attempt of plaintiffs heroin, if successful, would deprive Bird’s estate of the property taken in satisfaction of that claim, without returning the money borrowed, and, indeed, leaving him with his right of action therefor destroyed.
It is, therefore, ordered, that our former decree herein be annulled and set aside; and it is now ordered, that the judgment appealed from be affirmed at appellants’ cost.
Roché, J.
I adhere to the original opinion.
Mr. Justice Levy, absent on account of illness, did not participate in the opinion and judgment of the Court on the rehearing.