*Eastern Dist.*
*February,* 1838.

COCHRAN
*vs.*
PERRY.

This case involves a mere matter of fact, in which the evidence supports the judgment below.

The appellant was not mulct in damages for a frivolous appeal, from the presumption that he really imagined the judgment appealed from, erroneous.

═══════════

COCHRAN *vs.* PERRY.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT FOR THE PARISH OF EAST FELICIANA, THE JUDGE OF THE EIGHTH PRESIDING.

The defendant being sued on his note, denied his signature, and proof was made of it. He moved the court to instruct the jury, that as no proof of title to the note was given, the plaintiff could not recover : *Held*, that he was prohibited from every other means of defence, after having formally denied his signature.

Where an appeal is taken solely for delay, the judgment will be affirmed with costs.

This is a suit instituted by the holder of a promissory note, signed by the defendant, and endorsed in blank by the payee.

The defendant pleaded a general denial, and expressly denied his signature to the note sued on.

On the trial, witnesses were called to prove the signature. The defendant's counsel prayed the court to charge the jury, " that as no proof of title or ownership was made to the note, the plaintiff could not recover ;" and a bill of exceptions was taken to the refusal of the court to charge as requested. There was a verdict and judgment for the plaintiff, from which the defendant appealed.

*T. L.* and *S. P. Andrews,* for the plaintiff, prayed the affirmance of the judgment, with ten per cent. damages.

*Bullard, J.,* delivered the opinion of the court.

The defendant, the maker of a promissory note, being sued by the holder and endorser, formally denied his signature. A jury impannelled to try that issue, found a verdict against him, and he has appealed from a judgment founded thereon.

The defendant being sued on his note, denied his signature, and proof was made of it. He moved the court to instruct the jury that as no proof of title to the note was given, the plaintiff could not recover: *Held,* that he was prohibited from every other means of defence, after having formally denied his signature.

On the trial, the defendant prayed the court to instruct the jury, that as no proof of title or ownership to the note was given, the plaintiff could not recover. The judge refused so to charge, and he excepted. The judge was clearly correct in refusing to allow the defendant to avail himself of any other means of defence, after having formally denied his signature. The Code of Practice declares, in most explicit terms, that the defendant whose signature shall have been proved after his having denied the same, shall be barred from every other defence, and judgment shall be given against him without further proceedings. *Article* 326.

Where an appeal is taken solely for delay, the judgment will be affirmed with costs.

The record furnishes us no plausible ground upon which the appellant might hope for any relief from the appellate court, and it is manifest the appeal was taken merely for the sake of delay.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs, and ten per cent. damages.