Kendig & Co. vs. W. F. Campbell.

Rehearing refused June 6, 1881 by Judge Rogers.

---

## No. 67.

### KENDIG & CO. *v.* W. F. CAMPBELL.

"The only test as to the effect of a decree as res adjudicata is its finality as to the matters embraced in it and its having the requisites prescribed by article 2265" (Now Article 2286) of the Civil Code.

It is well established that the plea of res adjudicata is not favored and is to be strictly construed.

Evidence offered without objection beyond the pleadings must be given full force and effect; however, evidence offered under special pleadings cannot be given a larger scope than that for which it is offered under such special pleadings.

As long as an appellant makes a serious effort to sustain an appeal, the fact that he is unsuccessful does not, of itself, warrant the award of damages for a frivolous appeal.

*Appealed from Fifth District Court, Parish of Orleans.*

*Jas. McConnell, J. D. Coleman, H. E. Upton,* attorneys for plaintiff, appellee.

*Singleton & Browne,* attorneys for defendant, appellant.

*McGloin & Nixon,* attorneys for intervenor.

Their Honors, Judges Rogers and McGloin having recused themselves, they being judge of the lower court from which the appeal was taken, and of counsel in the case, Honorable A. L. Tissot, judge of the Civil District Court, acting as judge *ad hoc,* delivered the opinion and decree of the court, in the words and figures following, to wit;

The suit of plaintiff is upon a promissory note for $500.31 made by defendant to the order of plaintiff.

The defense is that said note was offered in evidence and used in trial of a cause, before the honorable, the late Fourth District Court for the parish of Orleans No. 44265 of its docket, and became merged in the judgment rendered therein, and defendant was no longer liable on said obligation, but fully relieved and discharged therefrom by compensation, by the verdict of the jury in said cause. In consequence, defendant substantially pleads herein, the judgment in said suit, No. 44265 of the docket of the honorable the late Fourth District Court for the Parish of Orleans, as *res adjudicata* barring this action.

It appears that at some time in 1876, W. S. Campbell, the defendant in this case, instituted a suit in the said honorable the late Fourth District Court for the Parish of Orleans, for $50,000.00 against an association known as "The Coal Association" of New Orleans, composed of Coyle and Co., a firm composed of W. G. Coyle and Samuel Alstin, residents of this parish, and of Simpson Hornor, a resident of Pittsburgh, state of Pennsylvania, Kendig & Co., a firm composed of Helen M. Cutler (wife of Theodore Kendig) and Robert Watson, resident of this parish, and of James Watson, a resident of Pittsburgh, Pa., and Wilmot & Co., a firm composed of W. G. Wilmot, and John H. Irwin, residents of this parish, and of Thomas Faucett, resident of Pittsburgh, Pa., alleging that one

of the number of "said Coal Association" acting for said association, and with the sanction and approval of the other members of said association had caused his arrest maliciously on a false criminal charge. Therein he also claimed that said "Coal Association" owed him $400.00 for salary as its bookkeeper and cashier, he having been illegally discharged from their employ. And, he alleged exceptions that the pretense upon which his said arrest, maliciously procured, was based, was that he had retained an amount of $400.00 of the defendant association's money, which he had placed in the hands of a third person pending an arbitration whether or not the $400.00 salary claimed to be due him was justly due to him. Thus, therefore, he was charged unjustly with the criminal charges of larceny and embezzlement, and maliciously and illegally arrested and imprisoned.

And that in order to obtain his release from said arrest and imprisonment, he was compelled to turn over to said coal association, "the said sum of $400.00 which he had retained as aforesaid on account of or as security for his salary due him by said association."

The defendant "coal association" answered this demand by a denial of all and singular the allegations of said Campbell, with the exception of a few specially admitted, which they set forth and explained. They admitted having caused the arrest of Campbell, and justify their action on the ground that he had no right to retain said amount of $400.00. In the course of their answer they denied owing him said sum and claimed that they had discharged him for cause, a wanton and malicious attack, and assault and battery, made by him on one of his employers, and defendant in the cause. And they charged that the excuse said Campbell had given for retaining said amount of $400.00 to wit: That he wished to secure his salary, was not true, "because the truth was, he was at that time the debtor of one of the respondents in the sum of $500.00 evidenced by his promissory note held by said defendant, and these two years passed due and wholly unpaid."

In that case the note here sued upon was not pleaded in compensation or offset of Campbell's demand. Nor could it be without admitting both the claim for damages and that for salary. It was not offered in evidence, the assertion of appellant to the contrary notwithstanding. It was not and could not be in question in that suit. It could not and did not form an element thereof. It could have, and actually had no other bearing in the case than to show that Campbell had no excuse in retaining the $400.00 which he had in his possession when arrested. The defendant association had denied their liability for the damages claimed of them; and they had also denied owing Campbell any salary. They do not claim to offset his demand by a claim for the amount due to one of them, as evidenced by this note. Nor did the holder of the note attempt to reconvene to recover the amount due. He would not have been allowed to do so. They used the note in that cause simply to destroy the alleged pretense set up by Campbell in justification of his retention of the $400.00 hence it is diffiult to conceive how this plea of *res adjudicata* can be sustained in this cause.

The revised Civil Code, article 2286 (2265) provides that:

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and found by them against each other in the same quality." And Kerlam vs. Rippy, 3 Ann. 202, the Supreme Court decided that "the only test as to the effect of a decree as *res adjudicata* is its finality as to the matters embraced in it and its having the requisites prescribed by article 2265" (now article 2286) of the Civil Code.

So in Edwards vs. Ballard, 14 Ann. 362, it was held that: "the plea or *res adjudicata* is without force unless the object demanded in the former suit is precisely the same as that demanded in the action pending."

So again in the case of William C. Peyton vs. A. A. Evans, J. C. Spiers, intervenor, 16 Ann. 135, it was decided that:

"the authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same, the demand must be founded on the same cause of action, the demand must be between the same parties, and formed by them against other in the same quality. Civil Code 2265." And to the same effect is the decision in the case of J. S. Cantrello vs. Roman Catholic Congregation of St. James, 16 Ann. 442, and many other decisions up to the present. As stated by the Supreme Court in the case of Rhoda E. White vs. Myra Clark Gaines, 29 Ann. 772: "To establish the plea of *res adjudicata*, there must be an identity of parties, of capacity, of object, and of cause of action."

Let us apply these tests here. Can this note, candidly, be said to have been the object, or to have formed even any part of the object of the judgment rendered in the suit of Campbell against "coal association?" Assuredly not. Was the thing demanded in that suit the same as is here claimed? No. No demand was made therein for this note. Was any demand made in that suit, for the amount due upon that note? None. The cause of action founded upon this note was never urged in that suit for damages and salary. The parties to this suit were parties to that other suit. But they formulated no demand against each other. Campbell formulated demand against the firm of Kendig and Co., and the individual members thereof, but the latter formulated none against him. Nor could they formulate any. They used the evidence of his indebtedness to them to repel a justification imagined by him to sustain his demand against them. They did not, and could not bring a demand against him in that suit for damages and salary for the cause of action here pursued. The note, here sued upon, formed no part of the judgment rendered in that suit for damages and for salary. The parties in the two suits are not the same in the same capacity. Campbell was a party to both in the same capacity. Kendig and Co., was so only in their capacity of member of the "coal association" although bound *in solido* with the other members of said association.

The note here sued upon did not form the object of any reconventional demand or plea in compensation. It was used for a special purpose only, as already stated. It did not enter as an element of that suit. Here it is the basis of the cause.

The defendant in this suit seeks to sustain his plea by reference to the principle, that when evidence is introduced beyond the pleadings without objection, that it must be considered and full effect must be given to it. Conceding the principle it must here be said that it does not go altogether to the extent stated by him.

It is apprehended that evidence so introduced must be made to bear in issues only that might have been raised in the pleadings, and were not specially pleaded. Of course that is a well established point in our jurisprudence. Naturally, testimony admitted in such cases without objection must be considered and full effect must be given to it. There is no doubt that this is a well established principle of practice in this state, founded on reason. It expedites the administration of justice and prevents the multiplicity of suits which the law abominates. See decision of Kean vs. Brandon *et al*, 17 Ann. 37.

But that is when the plea might have been filed and was not so filed, and evidence was introduced without objection. But what about the case when such plea could not be filed, and evidence was introduced under a special plea authorized to be filed. Can the evidence offered under that special plea, be tortured into sustaining an imaginary plea that could not have been filed? Appellant cites no decision wherein it is held as obligatory for the court to supply under the contingency supposed by him, such pleas as payment, compensation or prescription. How Kendig and Co., could have pleaded in reconvention the note held by them in a suit for damages and salary by Campbell against the "Coal Association", cannot be perceived.

In the case of W. A. Schaffer vs. J. A. Scuddy, 14 Ann. 575, the Supreme Court held that: "in a petitory action the defendant is bound to plead all the titles to which he claims to be owner, and a final judgment rendered in favor of the plain-

tiff may be pleaded as *res adjudicata* against any title which the defendant was possessed of at the time, but omitted to plead."

In the case of Joshua C. Connors vs. B. W. Sewell *et al*, 30 Ann. 359, it was decided that "in a suit for damages on the ground of a wrongful sequestration of land, the judgment rendered in a former suit between the same parties, involving the ownership of the land, cannot be pleaded as *res adjudicata*. The object aimed at, and the causes of action in the two suits are entirely different. But in no event can the principle invoked by defendant and appellant find its application in this case. First, because it is not shown that the note sued upon was ever offered in evidence in the suit of Campbell against "Coal Association" and, second, because, if it had been offered it was offered under special pleadings for a specific purpose, and for no other, as demonstrated by the pleadings, and the object of the offer was limited to that purpose by the pleadings themselves. There was no necessity to limit the scope of the proof contained in the note. The pleadings carried with them that limitation. The pleadings, the evidence, and the judgment in that cause between Campbell and the Coal Association show conclusively, that the note here sued upon, never entered as an element in that suit, as contended for by defendant and appellant, but, that it played, and could play, no other part therein than that of evidencing that Campbell's alleged reason for the retention of the $400.00 aforementioned was but a new pretense. It is well established that the plea of *res adjudicata* is not favored and is to be strictly construed. On this point see: West vs. His Creditors, 9 Martin 521; 3 Ann. 530; Fink vs. Martin, 4 Ann. 451; 5 Ann. 104, 105; 7 Ann. 666; 18 La. 212; Terulleer, (Belgian Edition of 1838) vol. 5, part 2, No. 157.

If it is true that evidence offered without objection beyond the pleadings must be given full force and effect, it is equally true, that evidence offered under special pleadings cannot be given a larger scope than that for which it is offered under

such special pleadings, see: Jones vs. Reid, 1 Ann. 303; Theodore vs. Insurance Co., 28 Ann. 918.

And there is no reason to say that the jury in the case of Campbell vs. the "Coal Association" did not so construe the evidence. It cannot be seen that under the evidence laid before the jury, conceding the note to have been offered without objction, a reconventional demand or a plea of compensation was intended to be specially raised. Nor that the jury was bound to or did consider such evidence as supporting such intended plea, or that they were bound to or did supply the same. The fallacy of appellant's position is evident. He assumes that the court and jury did what he contends they might have done. Under his theory there might have been a judgment in reconvention or compensation, and he concludes that there was such a judgment. Both the premises and conclusion are erroneous. The note was not offered in evidence, as already above stated. And the conclusions drawn by him, even conceding the offering of the note, under his hypothetical premise is a *non sequitur*. The opinion of the honorable W. H. Rogers has been carefully read and considered, and is believed to be correct in every particular.

The honorable judge thought that the finding of the jury should have been and was confined to the views raised in the pleadings. That is fully concerning. There can be no doubt that the judgment of the court *a quo* is correct and should be affirmed. This case was argued with great earnestness. The appeal to this court is not considered as frivolous and to have been taken for delay alone. The effort of appellant to sustain his appeal was serious, although, unsuccessful. In the case of Henderson vs. Bryan, 12 La. 11, the Supreme Court refused to mulct the appellant in damages for a frivolous appeal, from the presumption that he really imagined the judgment appealed from erroneous.

That decision will be followed herein.

The judgment against appellant bears interest. That interest is considered sufficient to indemnify plaintiff and appel-

lees for the delay in securing the amount due them. The damages prayed for are consequently refused.

It is therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed at appellant's cost.

Honorable F. A. Monroe, judge of the Civil District Court, acting as judge *ad hoc*, concurs in the foregoing opinion and decree.