Carré vs. City.

## No. 10,384.

### MRS. W. W. CARRE VS. CITY OF NEW ORLEANS.

A suit brought for the collection of city taxes, after the adoption of Act 117 of 1884 and in which the right of action is excepted to, is considered as abandoned, when the city, proceeding extra judicially under the provisions of that act, advertises the property for the payment of taxes due thereon, and cannot serve as a basis for an injunction to arrest the advertisement and sale.

It does not constitute *lis pendens* which implies the co-existence of identical suits. The proceeding under Act 117 of 1884 is non-judicial proceeding, and not a suit.

*Res judicata* does not result from judgments to which the person against whom the plea is levelled was not a party. Neither is it such, when the thing demanded and passed upon is not the same.

The exemption, accorded by Act 207 of the Constitution, does not apply to property employed for the manufacture of articles of wood which are not ready for immediate use, such as cabins and planks, without further manipulation or labor on them.

It extends to property employed for the manufacture of doors, sashes and blinds, which are considered as articles of wood within the meaning of the Constitution.

In the absence of sufficient proof to establish the capital, machinery and property thus employed, the court cannot finally adjudicate on the controversy, and will remand the case.

APPEAL from the Civil District Court, for the Parish of Orleans, *Rightor*, J.

*W. S. Benedict* for Plaintiff and Appellee.

*W. B. Sommerville*, Assistant City Attorney for, Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The purpose of this suit is to have it judicially declared, that certain property—a wood factory—of the plaintiff, advertised for sale by the city for the taxes of 1882, said to be due thereon, is exempt from taxation, under the provisions of Article 207 of the Constitution.

The pretensions of the plaintiff form the basis of an application for an injunction.

The grounds substantially set forth, are :

1st. That the property assessed and advertised for sale, was used as a manufactory of articles of wood, wherein more than five hands are and were employed in 1882, and which was therefore exempt from taxation under the article cited. (207)

2d. That the city had entered suits for the same taxes, which had never been decided.

3d. That the property in question has already been adjudged to be exempt from taxation.

The prayer is, that the assessment, the tax, etc., be annulled and cancelled, and that the injunction be perpetuated.

The answer was a general denial.

From an adverse judgment the city has appealed.

In our investigation we shall invert the grounds on which the suit rests.

## I.

The plaintiff pleads that suits were brought by the city, for the same taxes, and that the same are undetermined.

No doubt, the record shows this to be the fact: but that circumstance cannot deprive the city from proceeding to the advertisement and sale of the property, as she has attempted to do, under the authority of Act No. 119 of 1882.

The suits were brought after the passage and promulgation of this act, the object of which was, to carry out the provisions of Articles 210 and 218 of the Constitution, prohibiting judicial proceedings for the collection of taxes.

In the absence of such legislation, the city would have had the right of suing for the taxes, for the constitutional articles were not self operative, as has been decided. City vs. Wood, 34 Ann. 732.

To those suits, the defendant pleaded expressly this act of 1882, in bar.

The exceptor had the right to have the exception fixed and determined.

By not availing herself of that right, and by bringing an action in which the validity of the defence is averred, the defendant (plaintiff here) has waived the same.

Had the exception been tried, it would have been sustained; but the defendant would have found herself thereby in no better predicament than she is in to-day.

The city had a right to acknowledge by a formal act the validity of the defence, and to relinquish the proceedings objected to.

Advertising under the provisions of the act of 1882, was a virtual recognition of the irregular and improper institution of the suits, and a formal abandonment of them.

The proceedings of the city, under the act, is not a judicial proceeding. It is essentially non-judicial.

If such be the case, how can the pendency of the suits be set up as

*lis pendens,* which is a plea to a *suit,* a judicial proceeding, by reason of previously instituted similar one?

Besides, the existence of such undetermined suits can form no basis for an injunction to arrest the sale of the property, the moment that the costs of the proceedings are not claimed along with the taxes.

2 It is, therefore, clear that the plea of *lis pendens* is devoid of merit, and is no foundation for the relief sought.

## II.

The next plea is that of *res judicata,* as resulting from two definitive judgments.

An examination of one of the cases in which it· is claimed that the property was declared to be exempt, shows: That the city was not a party to it; that the suit was brought against a State tax collector only; that the exemption asserted was from the State taxes of 1883, not the city taxes of 1882 now at issue, and that the judgment was one confirming a default, no defence whatever having been set up.

The proceedings in the remaining case establish that the legality of the city taxes for 1882 was not involved, but only that of those of 1883 and 1884, and that the judgment was one reducing an assessment.

If the judgment declared the property exempt from the taxes for those years, it did not go to the extent of including those for 1882, and does not constitute, any more than the first, *res judicata.*

## III.

The vital question in the litigation, that of exemption *vel non* for 1882, now arises.

The article of the Constitution on which the claim for exemption rests, reads: (207)

" There shall also be exempt from taxation and license, for a period of ten years * * * * the capital, machinery and other property employed in the manufacture of * * * * furniture and other articles of wood * * *

The contention here is, that, whereas the property of plaintiff was employed in 1882 in the manufacture of articles of wood, it is exempt, and the taxes claimed for that year are not due.

It is established beyond all possible peradventure that exemptions are *stricti juris.*

Indeed, in order to be entitled to the immunity, the claimant must establish his pretension quite clearly. In such cases, doubt is fatal. When the sovereign exempts, he does so munificently and unequivocally. Dennis vs. R. R. Co., 34 Ann. 955.

It must be observed that the article relied on, specifies " property employed in the manufacture of * * furniture and *other* articles of ·wood. "

In the case of Jones vs. Raines, 35 Ann. 998, in which an exemption was claimed, under the same constitutional provision, in favor of saw mills, but not recognized, this court critically analyzed the text and took occasion to say:

"The enumeration following the copulative conjunction 'and,' indicating the conclusion of an enumeration of distinct subjects and the use of the word 'other' qualifying the articles of wood contemplated, both contribute to give a restrictive sense to the words 'articles of wood,' etc., and satisfy our minds that the articles of wood, contemplated, were such as furniture and other like articles."

In the subsequent case of Martin vs. New Orleans, 38 Ann. 398, in which a similar exemption was asserted, after referring to the rulings in City vs. LeBlanc & Beck, 34 Ann. 596, defining the manufacturers exempt under Article 206, we said:

"* * It is manifest that the property, of whatever nature, which is used in the saw mill business proper, that is, in the manufacture of raw materials, namely of lumber not ready for use, as are 'furniture and other articles of wood' is not exempt from taxation. The case is different, however, as to property which is used for the manufacture of articles of wood ready for the use of the consumer."

Accordingly, the court considered that sashes, doors and blinds were articles of wood within constitutional intendment, and exempted the property employed in manufacturing the same.

The articles of wood mentioned in the article of the Constitution are, therefore, those which like furniture, were intended for separate use and are ready for use by the purchaser without further manipulation or labor on them, namely, which are complete in themselves.

It is evident that the cabins and planks manufactured by the plaintiff in 1882 are not articles of wood within legal intendment.

Had the framers of the Constitution designed all property employed in the manufacture of all and any article of wood to be exempt, they would not have used the word "other," but would have replaced it by either the word all or any, or would have left it out entirely.

In the case of Martin vs. City, 38 Ann. 397, this court has considered that sashes, doors and blinds, were articles of wood, and that property employed in manufacturing them came within the compass of article 207 of the constitution, and was exempt.

The evidence does not establish to our satisfaction, what is the capital, machinery and property employed by the plaintiff in the manufacture of such articles of wood, and in default of sufficient information on the subject we cannot finally adjudicate upon this controversy.

The city had just cause to complain of the exemption of property employed in the manufacture of cabins and planks by the plaintiff.

We feel therefore bound to remand the case.

It is therefore ordered and decreed that the judgment of the lower court be reversed, so far as it perpetuates the injunction issued to prevent the sale of such of plaintiff's property as is employed in the manufacture of cabins and planks, and that it be contingently affirmed in other respects, the case being remanded to the lower court to ascertain the amount of capital and the value of machinery and property of plaintiff, as was employed in 1882 in the manufacture of sashes, doors and blinds, with instruction to exempt the same from the taxes of 1882.

It is further ordered that the plaintiff and appellee pay costs of appeal.