(49 South. 1012.)

No. 17,569.

REES–SCOTT CO., Limited, v. CITY OF NEW ORLEANS et al.

(June 14, 1909. Rehearing Denied June 30, 1909.)

TAXATION (§ 100*)—LIABILITY OF PROPERTY TO BE EXPORTED.

- Staves which are held in the state for export and are retained in the state for an indefinite period are liable to taxation.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 201; Dec. Dig. § 100.*]

Appeal from First City Court, Parish of Orleans; Wynne Rogers, Judge.

Action by the Rees-Scott Company, Limited, against the City of New Orleans and others. Judgment for defendant, and plaintiff appeals. Affirmed.

Asahel Walker Cooper, for appellant. Francis Charles Zacharie, for appellee State Tax Collector. George Hitchings Terriberry, for appellee Board of Assessors. Henry Garland Dupre, Acting City Atty. (Harry Prentiss Sneed, of counsel), for appellee City of New Orleans.

PROVOSTY, J. The Rees-Scott Company, Limited, plaintiff herein, is engaged in the business of buying and selling staves. These staves are purchased in different parts of this and other states, and shipped to the plaintiff here, and stored in its yards. From time to time, sales are made from this stock of staves, mostly to foreign buyers. Plaintiff says, entirely so; but this does not plainly appear, as, in reply to a question by one of defendant's counsel, plaintiff's only witness was unable to say whether or not sales had not been made during the last year to other stave dealers in this port.

The staves on hand were assessed for taxes, and the plaintiff has enjoined the assessment, on the ground that they are not taxable in this state, they being in this state simply in transit to foreign countries, or for the sole purpose of export.

The most that can be said of said staves is that they are intended for export. In the meantime, they are here for an indefinite period, and liable to taxation, like all other property within the state. In Coe v. Errol, 116 U. S. 527, 6 Sup. Ct. 475, 29 L. Ed. 715, the court said:

"This court, as before stated, has since held that goods transported from one state to another are not imports or exports within the meaning of the prohibitory clauses before referred to; and it has also held that such goods, having arrived at their place of destination, may be taxed in the state to which they are carried, if taxed in the same manner as other goods are taxed, and not by reason of their being brought into the state from another state, nor subjected in anyway to unfavorable discrimination. Woodruff v. Parham, 8 Wall. 123, 19 L. Ed. 382; Brown v. Houston, 114 U. S. 622, 5 Sup. Ct. 1091, 29 L. Ed. 257. * * * It seems to us untenable to hold that a crop or a herd is exempt from taxation merely because it is, by its owner, intended for exportation. If such were the rule, in many states there would be nothing but the lands and real estate to bear taxes."

In the new L. R. A. Digest of the Supreme Court, vol. 2, p. 1475, par. 470, the foregoing case is digested as follows:

"Products of a state, though intended for export to another state, and partially prepared for that purpose by being deposited at a place

or port of shipment within the state, are liable to be taxed like other property within the state."

Eleven citations follow, among them:

"470a. Logs, which have been cut and floated down a stream and its tributaries to a boom or sorting gap, from which they are to be shipped by rail as needed to a point outside the state, are not, while awaiting delivery to a railway company, the subject of interstate commerce so as to be exempt from state taxation. Diamond Match Co. v. Ontonagon, 118 U. S. 82, 23 Sup. Ct. 266, 47 L. Ed. 394."

See, also, A. & E. Ency. vol. 12, p. 296; City of New Orleans v. Robira, 42 La. Ann. 1102, 8 South. 402, 11 L. R. A. 141; Carre v. City of New Orleans, 41 La. Ann. 998, 6 South. 893; Id., 42 La. Ann. 1121, 8 South. 399; Dennis v. Vicksburg, S. & P. R. Co., 34 La. Ann. 958; and also the following from Gray on Limitations of Taxing Power and Public Indebtedness, p. 466, par. 921:

"Likewise, property which is intended for export to another state, *or out of the country,* may be taxed as a part of the general mass of property in the state where it has its *situs* up to the time when it is delivered to a carrier for transportation out of the state, or has been started upon its course of transportation by a *continuous route or journey.*" (Italics ours.)

Id. p. 467, par. 923:

"Where the property has actually been delivered to the carrier for transportation out of the state, it is within the protection of the Constitution, and may not be taxed by the state. In order thus to escape the local tax, there must be a completed delivery to the carrier, accompanied by a 'purpose to ship immediately, or, at least, as soon as transportation can be conveniently obtained, followed by actual shipment in a reasonable time.'

"The mere intent to ship, unaccompanied by other elements, is not sufficient."

Judgment affirmed.