KELLAM
*v.*
RIPPEY.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## JENKINS *v.* GIBSON.

A patent issued by the United States for public lands, is conclusive proof that the party in whose favor it was issued had complied with the requirements of the act of Congress, as to making improvements on the land, &c.

Improvements made upon the public lands of the United States, where the party making them is not in a situation to avail himself of the pre-emption laws, cannot form the object of a contract. Arts. 1885, 1886 of the Civil Code limit the rule contained in art. 1960, that no one ought to be permitted to enrich himself at the expense of another, to cases in which the alleged benefit arises from a lawful act. From unlawful acts, though they may have proved beneficial to others, no rights not expressly authorized by law can arise.

APPEAL from the District Court of Madison, *Selby*, J. *A. Pierse*, for the plaintiff. *Stacy* and *Sparrow*, for the defendant. The judgment of the court was pronounced by

JENKINS
v.
GIBSON.

ROST, J. The question which this case presents is, whether the purchaser of an improvement on the public lands, who owns a plantation in this State and resides out of it, can maintain an action for its value against the subsequent purchaser of those 'lands from the United States. The court below was of opinion that the plaintiff could maintain such an action, and accordingly gave judgment in his favor. The defendant appealed.

The plaintiff, not residing upon the land in person, and having a plantation adjoining it, was not in a situation in which he could avail himself of the preemption laws passed by Congress in favor of actual settlers; and, if it were necessary to the decision of the case, it is also shown that all the previous possessors were mere trespassers, and could have no hope, intention, or expectation of acquiring a title by virtue of their possession. As long as it continued they and the plaintiff were liable to be expelled from the land by the marshal, and to be fined and imprisoned. 1 Land Laws, p. 256. Had the United States resorted to this remedy, the plaintiff could not surely have set up a claim for indemnity. Instead of this, they have transferred to the defendant their title and possession, unimpaired by any act of the plaintiff's, thus enabling him to expell the said plaintiff by a different proceeding, and it is not perceived how this transfer can create rights or obligations which did not before exist.

It is alleged that the defendant did not himself improve the land. This is an inquiry into which we do not feel ourselves at liberty to go. We cannot interfere with the acts of the government of the United States alienating the public domain, nor say that the patents issued by them were granted upon insufficient evidence. The patent of the defendant is conclusive upon us, that he fulfilled the requisitions of the acts of Congress.

Improvements made upon the public lands, where the party making them is not in a situation to avail himself of the pre-emption laws, cannot form the object of a contract. The object of a contract must be possible, by which is meant physically or morally possible. The possibility must be determined not by the means or ability of the party to fulfil his agreement, but by the nature of the thing which forms the object of it. That is considered as morally impossible, which is forbidden by law; and all contracts having such an object are void. C. C. arts 1885, 1886. These articles limit the rule contained in art. 1960, that no one ought to be permitted to enrich himself at the expense of another, to cases in which the alleged benefit arises from a lawful act. From unlawful acts, although they may have proved beneficial to others, no rights not expressly recognized by law can arise.

We are satisfied that the view we have taken of the rights of the parties in this case is in strict accordance with our own laws, and the necessary consequence of the powers of the United States over the public domain. We believe that by putting an end to speculation, it will materially benefit the actual settler, who occupies and improves public land in good faith, under the expectation of making it his own.

The judgment is, therefore, reversed; and it is ordered that there be judgment in favor of the defendant, with costs in both courts.