## No. 1078.

### JEAN GRANGER vs. NANCY SINGLETON.

A judgment *dismissing* Plaintiff's demand, without any qualification of language or reservation such as the ordinary phrase "as in case of nonsuit ", when such a judgment has been rendered after trial on the issues made in the case, will be considered final and definitive and form the basis of the Exception of *Res judicata* in a second suit between the same parties on the same subject matter.

APPEAL from the Twenty-First Judicial District Court, parish of Iberia. *Fontelieu*, J.

Jos. A Breaux and P. L. Renoudet for Plaintiff and Appellant.

R. S. Perry for Defendant and Appellee :

A judgment *dismissing* a suit after trial on the merits is a definitive judgment, and is conclusive and final as between the parties ; if rendered for matters not involving the merits, or if it be qualified and not absolute, it is not final. Such a judgment is presumed to be on the merits unless it be accompanied by words of qualification,

such as "without prejudice," or "in case of nonsuit." 3 Wall. Cir. R. 28; 7 Wall. 107 ; Bigelow on Estoppel, p. 108 ; 8 La. 186 ; 1 An. 46 ; 23 An. 618 ; 27 An. 284.

The opinion of the Court was delivered by

Poché, J.    Plaintiff, by the petitory action, seeks for the recovery of a tract of land situated at a place named Coteau, in the parish of Iberia, which he alleges to be his lawful property, in the wrongful possession of defendant, and concludes by asking damages from defendant for her wrongful possession of the land in controversy.

At the threshold of the case he is met by an exception of *res judicata*, interposed by the defendant, who urges that in a suit instituted in the late parish court of Iberia, and finally decided on appeal by the district court of that parish, between the same parties, for the same tract of land, and on the same issues, the matters in controversy in this case were therein finally adjudicated and settled.

The lower court sustained the plea, and plaintiff appeals.

An inspection of the record discloses that in both suits the parties are the same, the land claimed is the same, the claim of titles set up by plaintiff the same, the defense is the same, and the judgment rendered by the district court on appeal reads as follows :

"This case having been regularly fixed for trial, tried on the day fixed, and taken under advisement, and the law and the evidence being in favor of Nancy Singleton, it is therefore ordered, adjudged, and decreed that the demand of Jean Granger, plaintiff, against said N. Singleton, be and the same is hereby *dismissed*."

Plaintiff resists the plea on the grounds that having sued for damages in the second suit, and not in the first, the cause of action is not identical in both actions ; and that the judgment of the court in the first case is not definitive, but merely of dismissal.    The gist and primary object of the action in both cases being the recovery of the same property, the issue presented is merely one of title and lawful ownership, and is therefore the same in both cases ; the demand for damages in the second case is merely a corollary of the main proposition, which is a contest for the ownership of the property, and can in no way alter or modify the issue.

Plaintiff further holds, that the judgment set up in bar, by its own tenor purports to do nothing more than to dismiss the action, and that to dismiss an action it is not necessary that the issues of the case should be considered.

But a mere perusal of the judgment satisfies us that the issues were considered by the judge *a quo*, who distinctly states that the law and the evidence were in favor of Nancy Singleton, the defendant.    The

case had been tried under the allegations of title and ownership set up by plaintiff, met by a general denial and special defenses set up by the defendant, who urged her own title to the property, and disputed that of her opponent. No exception had been filed, and no other issue presented. And after trial of the cause on these direct issues, the judge concludes that the law and the evidence were in favor of the defendant.

It is certainly not a violent presumption on our part to conclude that the law which the judge referred to was that which applied to the case at bar under the issues presented, and that the evidence which he had considered was that which had been offered under the issues presented in the pleadings by the parties in support of their respective allegations. No other conclusion can be invoked or justified, and it therefore follows that the case had been tried fully on the issues shown in the record, and that the judgment of the court predicated upon such a trial is final and definitive against plaintiff. It is true that in so many words the judge merely dismisses the action, but then words must be construed with other expressions used in the judgment, and which conclusively indicate the intention of the judge for whose loose and inartistic language in the decree the defendant cannot be held responsible and unjustly made to suffer.

The case was tried on the merits ; under the evidence adduced and considered by the court, no reservation, as in case of nonsuit, or in any way tending to show intention of the judge to leave any point raised by the pleadings untouched or undecided, is made or even hinted at ; and we conclude that the case was finally adjudicated, and that the plea of res judicata was proper, and should be sustained.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed with costs.