## No. 8827.

### NATHANIEL HOGGATT VS. VIRGINIA THOMAS ET ALS.

An allegation made by a party defendant in answer to suit, but not considered by the court or disposed of in the judgment, cannot support the plea of *res judicata* when it is made the basis of a suit by the same party against one of his co-defendants in the previous suit.

An agreement by which one of two sureties on a bond binds himself to hold his co surety harmless from any liability or loss on account of the bond, is not a promise to pay the debt of a third person, or a contract of suretyship; it forms no part of, but is distinct from the bond executed by the parties; it is an original contract between the parties, a contract of general indemnity from the obligor to the obligee, and as such it can be proved by parol testimony.

APPEAL from the Eighth District Court, Parish of Madison. *Delony*, J.

---

*J. G. Hawkes* and *J. B. Stone* for Plaintiff and Appellee:

1. A contract to indemnify, by which one surety agrees to indemnify a co-surety against loss, by reason of going upon the bond, is an original contract and may be proved by parol; and this is true, although there is no proof showing the real motive of the person making the promise. Thomas vs Cook, 8 Barn. & Cres. 728; 6 Cushing, 553; Chapman vs. Morrill, 4 Wind. 657; Anderson vs. Spence, 37 American Reports, 163.

2. Even if the promise made by defendant is in form of a promise to pay the debt of a third person, it can be proved by parol, because it has been proved that the object of the defendant was not to serve or accommodate any third person, but to subserve a distinct purpose of his own. And by reason of the agreement, the promisor obtained a pecuniary and business advantage. Emerson vs. Saulter, 22 Howard, 43; Starkie on Evidence, 477; Parsons on Contracts, vol. 2, p. 10, 6th ed,; Nelson vs. Boynton, 3 Metcalf, 400; Alger vs. Scoville, 1 Gray, 391.

3. The exception of *res judicata* cannot be sustained; the issues in this case were not decided in the previous suit. No evidence was introduced in the former suit as to the issues in the present action. 5 An. 103; 30 An. 521.

*Spencer & Lucas* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J.. Plaintiff seeks to enforce against the widow and heirs of B. R. Thomas a contract by which Thomas had agreed to hold Hoggatt harmless from all liability and losses on an official bond furnished by A. V. Brown in 1872, as Treasurer of the School Board of Madison Parish, with Hoggatt, Thomas and a third party as securities.

He charges that he signed said bond at the urgent request and solicitation of Thomas, who agreed to protect him as above stated, and whose advantage in thus procuring securities for Brown consisted in an agreement with the latter by virtue of which Thomas, who was a banker in Vicksburg, had the possession as depositary and the use and control of the funds entrusted to the treasurer Brown.

It appears from the record that Brown, having become a defaulter as treasurer for a large amount, judgment was rendered against his sureties *in solido* for six thousand dollars, the full amount of his official bond, and that Hoggatt has paid fourteen hundred dollars on account of said judgment. Board of School Directors vs. Brown et al., 33 An. 384.

Defendants appeal from the judgment of the lower court condemning them, as legal representatives of the succession of B. R. Thomas, to pay the sum of fourteen hundred dollars disbursed by Hoggatt, and to reimburse him for all other sums which he may be compelled to pay on account of said bond and of said final judgment.

Numerous defenses were urged in the lower court, but all have been abandoned on appeal except the following:

1. The plea of *res judicata*, predicated on the fact that in the suit of the School Board against Brown and his sureties, Hoggatt had incorporated in his defense the alleged contract of indemnity in his favor on the part of Thomas, which is the identical contract made the basis of his present action.

As such a contract could not be invoked by Hoggatt as a shield of his responsibility towards the obligee on the bond, the court entirely ignored that defense and did not pass upon it at all. It makes no part of the judgment rendered in the case, and hence, it cannot be set up as included in the judgment, as an element to support the plea of *res judicata*. Such a stipulation formed no part of the bond executed by Brown and his securities, and it could create no obligation or affect *quoad* any of the parties to the bond, except Hoggatt and Thomas, and it could

operate no issue between any other persons.    Its nature and its effect come up for the first time for judicial investigation, and neither can be affected by any previous adjudication on other and distinct issues disposed of in the suit above referred to.    Fink vs. Martin, 5 An. 103; Carroll vs. Hamilton et al., 30 An. 520.

2.    As the alleged agreement was not made in writing, the defendants on trial objected to the introduction of any parol testimony intended to prove the contract, on the following grounds:

1.    That the alleged contract was one of suretyship or personal warranty.

2.    That it was the promise to pay the debt of a third person.

3.    That parol testimony was inadmissible to prove a debt prescribed against a deceased person.

A proper definition of the contract alleged by plaintiff will dispose of these three objections.

It is alleged that the promise or agreement of Thomas to hold Hoggatt harmless from all responsibility as surety on the bond was made previous to the execution of the bond as an inducement and as a consideration to his consent to become surety on said bond, and before the existence of any liability from any source on the bond. The agreement was not in favor or for the account of any third person, but for the exclusive protection of Hoggatt.    As a contract it was no part of the bond executed by them as co-sureties, but it was a distinct and original contract between Hoggatt and Thomas, by which the former agreed to bind himself on Brown's bond, and in consideration of which Thomas bound himself to Hoggatt for his protection and indemnity. Hence, it follows, that the contract was one of general indemnity against all losses which Hoggatt might hereafter incur as surety on Brown's official bond.

We therefore conclude, that the contract alleged by plaintiff was not amenable to either of the three rules of law invoked against it by defendants, and that such a contract can be proved by parol testimony.    Keane vs. Hober, 12 An. 562, Spofford, J., concurring opinion; Evans vs. Baer, 23 An. 692.

The contract as alleged by plaintiff is amply proved by the evidence in the record, which fully justifies the judgment appealed from.

Judgment affirmed.