## No. 10,772.

### ADOLPHE GLAUDE vs. FELICIA PEAT.

1. If the wife commits an offence which entitles the husband to a divorce and he brings suit in his own jurisdiction, while she is in another, the court's jurisdiction will be maintained.

2. No person can be affected by any decree or other proceeding without being legally notified. Service of citation on the wife was legally made by the deputy sheriff of the parish in which she dwelt temporarily.

3. The offence giving cause to an action for divorce being subsequent in date to the judgment pleaded as *res judicata*, that plea can not be held a bar to the suit. The adultery is proven to have been committed in June and July, 1889. The judgment pleaded as *res judicata* is dated April of that year.

4. A judgment dismissing a suit after a complete trial on the merits, unless it contains qualifying terms, as in case of non-suit, is final. Granger vs. Singleton 32 An. 899.

5. In the first case the plaintiff's alleged incapacity to stand in judgment because of his conviction to serve at hard-labor was pleaded, and on the merits decided against defendant.

The question can not be brought up again.

"It is a rule of law that a man shall not be tried twice for one and the same cause."

A PPEAL from the Nwenty-fifth District Court for the Parish of Lafayette. *Bourges, Judge ad. hoc.*

*Julian Mouton* for Plaintiff and Appellee.

*Edward Simon, B. R. Forman* and *C. Forman* for Defendant and Appellant.

The opinion of the court was delivered by

BREAUX, J.     Plaintiff and defendant were married about fifteen years ago.

Four children are issue of the marriage.

He prays for a divorce on the ground of adultery, and charges that his wife, since the 20th of March, 1889, lives in concubinage with one Jean Fontenette.

The evidence discloses that the paramour abandoned his own wife, and now occupies a house with the defendant.

Witnesses considered credible, not mistaken, have testified to facts which make it evident that the adultery charged is true.

It is proven that the offenders have shared the same bed.

The defendant, before answering, excepted to plaintiff's suit on different grounds.

That she was not legally cited; resides in the parish of St. Martin, in which parish she was cited; suit was brought in the parish of Lafayette.

That the plaintiff is an ex-convict, having been condemned to serve in the penitentiary during his natural life.

The plaintiff brought suit in the parish in which he was married, and in which he resides.

Personal service was made on the wife at the home of her paramour by a deputy sheriff of St. Martin parish.

The general rule of law is familiar that the domicil of the husband is the wife's.

If the wife commits an offence for which a divorce should be granted, the husband can bring suit in his own jurisdiction while she is in another.

As she is bound to follow him, his domicil is hers for the purpose of the litigation.

It is a principle of natural justice that no person should be disturbed by any decree or other proceeding without being first notified and given the opportunity to be heard.

The defendant was legally cited and notified.

On the 26th day of October, 1882, the plaintiff was found guilty of murder, and was sentenced to serve at hard labor for life.

On the 4th day of April, 1888, he was pardoned.

A similar suit preceding the present case was brought by plaintiff against his wife on the ground of adultery.

In the defendant's answer to this first suit (No. 3660 of the District Court docket) she filed a plea in reconvention, in which she alleged that the plaintiff had been condemned to an infamous punishment, and that as he was an ex-convict, she and not he had a right to a judgment of divorce.

This case was tried, and the District Court, on the 16th of March, 1889, decided that " by reason of the law, and the evic'ence being in favor of defendant Peat in the main action, and by reason of the law and evidence being in favor of the defendant in reconvention, Adolphe Glaude, it is ordered, adjudged and decreed that the main and reconventional demand be dismissed."

A short time after this judgment of dismissal had been rendered, another suit, the one now under consideration, was brought for a divorce, in which plaintiff alleged acts of adultery committed by the defendant since the first suit had been instituted.

In the exception before mentioned, which was overruled also in her answer in the pending case, she reiterates the charge that her husband is an ex-convict; and she alleges that she has the right to a decree of divorce.

The crime and the conviction are fully set forth.

In this case, the last filed, the plaintiff presented a motion to strike out and have omitted from the answer the plea just mentioned, and in support of his motion urges that in the decided case No. 3660, District Court, from which no appeal was taken, the reconventional demand was finally decided; the plea of infamous punishment was disposed of, and that the plea of *res adjudicata* should now be maintained.

The defendant also invokes the same judgment as a bar, and pleads that it operates as *res adjudicata*, and that it is a finality, viz:

"Defendant in the above entitled cause respectfully pleads against the demand of plaintiff Adolph Glaude.

"The peremptory exception and plea of *res adjudicata*, that is, that your honorable court has already passed and rendered judgment against said plaintiff and defendants between the same parties hereto, for the same cause of action in the case entitled Adolph Glaude vs. Felicia Peet, No. 3660."

The pleas were overruled.

The court rendered judgment for plaintiff, from which the defendant prosecutes this appeal.†

The adultery charged against the defendant is *res nova*, and she can not plead successfully the judgment in suit 3660 as *res adjudicata*.

The adulterous acts are proven to have been committed in June and July, 1889, some time after the judgment pleaded as *res adjudicata*.

The cause of action is no longer that which had been considered and decided in the first suit.

In so far as relates to her offences against the marriage ties, the plea was properly overruled.

The plaintiff has the right to recover judgment unless precluded by his offences against the marriage.

In joining issue on the reconventional demand predicated on punishment for an infamous offence, to which he has been subjected, it is urged by defendant that he is barred from recovering judgment by the plea of *res adjudicata* before mentioned.

The judgment pleaded is not one of non-suit.

It does not in absolute terms reject defendant's demand in reconvention, but it does in effect.

The pleas were presented, evidence was introduced in its support, and after trial judgment was rendered on the merits.

A record imports verity. A person against whom it is admissible can not aver against it.

Even at this time the defendant earnestly pleads this judgment as a conclusive bar in so far as relates to her offences, and it does have that effect in so far as relates to offences preceding it.

If the plaintiff is concluded as contended, it necessarily follows that similar effect must be given to the judgment in so far as he is concerned.

There is no reason why the defendant should be entirely relieved from the maxim:

*Qui sentit commodum sentire debet et onus.*·

A judgment dismissing a suit after a trial on the merits, unless it contains qualifying terms, such as "without prejudice," or in case of non-suit, is final. Granger vs. Singleton, 32 An. 899.

The judgment being final, plaintiff can sue to have his marriage dissolved for offences committed since. The offences having been proven as alleged.

Judgment affirmed.