### No. 12,046.

### O. J. FLAGG VS. PARISH OF ST. CHARLES.

The plaintiff, alleging he is the holder of claims for services of parish officers, witnesses' and jurors' fees, and other items of parochial expenses, the claims duly acknowledged and warrants therefor issued and averred to be entitled to be paid, will be concluded by the judgment dismissing his petition without reservation, from renewing the suit on the claims; it being apparent in the first suit the liability of the parish on the claims and warrants was at issue, that proof was admissible to sustain such liability, and "the thing adjudged" applies to the demand and to all grounds available to sustain the demand.  C. C., Arts. 2285, 2286; 2 An. 494; 8 An. 6; 40 An. 646; 94 U. S. 352; 32 An. 898.

Warrants or orders on the parish treasurer by the police jury without power to issue notes or other similar instruments, avail as acknowledgments to interrupt prescription, but do not change the character of the debts for which the warrants issued or the prescription applicable to such debts.

APPEAL from the Twenty-first Judicial District Court for the Parish of St. Charles.  *Rost, J.*

---

*Gus. A. Breaux* and *Hiddleston Kenner* for Plaintiff, Appellant.

---

*Gus. V. Soniat, St. Maurice Berault* and *J. L. Gaudet* for Defendant, Appellee.

---

Argued and submitted February 24, 1896.
Opinion handed down April 6, 1896.
Rehearing refused April 20, 1896.

---

Opinion of the court was delivered by

MILLER, J. This appeal is by plaintiff from the judgment dismissing his suit as the assignee of claims against the parish for the

services of the parish officers, witnesses' fees, jurors and others, evidenced by warrants on the parish treasurer. The defences are, *res judicata* based on the judgment in the suit of plaintiff against the parish, brought in 1874, and decided by this court in 1875 (Flagg vs. Parish of St. Charles, 27 An. 319), and the prescription of one, three and five years.

The plaintiff's previous suit, in 1874, it is claimed, was on warrants for a part of the claims now sued upon. It is insisted that suit was different from this, brought on the claims, the warrants being referred to in the petition in the instant case, merely as acknowledgments by the parish. There is a difference in the phraseology of the petitions in these suits. In the instant case, the petition alleges the services and other parochial expenses for which the warrants issued, and describes the plaintiff as the holder of the claims against the parish for such services and parish expenses. But the allegations of the petition in the previous suit, not materially different, in our view, describe the petitioner as the holder and owner of the claims and acknowledgments issued to divers persons and for various amounts for services rendered the parish, " which claims, acknowledgments and accounts," it is averred, have been acknowledged by the police jury of the parish, and ordered to be paid; there are also allegations that the orders on the parish treasurer were given to liquidate the " claims after settlement had;" that the claims, certificates and acknowledgments issued according to law, and that the orders drawn on the treasurer for the amounts are to be used by him as vouchers for his credit in the settlement of his accounts etc., which " claims, certificates and accounts, together with the evidences of the same," it is alleged, have been transferred to petitioner, and in other parts of the petition there occurs the reference of the claim against the parish held by petitioners. The orders on the parish treasurer, the certificates of indebtedness and acknowledgments, as we appreciate the petition, are treated as the evidences of the claims. Under the decisions of that period, suit could not be maintained merely on warrants issued by parishes with no power to issue notes or evidences of debt. Breaux vs. Parish of Iberville, 23 An. 234; Marionneaux *et als.*, and other cases, vs. Police Jury of the Parish of Iberville, 23 An. 251; Sterling vs. Parish of West Feliciana, 26 An. 59. We think the petition in the previous suit would have stood this requirement of the decisions. It is quite

certain under the allegations, the plaintiff could have offered proof of any and all claims he held.  We can not perceive the basis on which we can hold that the previous suit is to be deemed brought on warrants only, or not on claims or debts of the parish.  In all essential respects the demand in the previous and instant suits are of the same nature, save that some of the claims now sued on were not embraced in the previous suit.

It is urged that in similar controversies between other parties, the Supreme Court expressed the view, that dismissing suits on parish warrants would not preclude subsequent suits on the debts for which the warrants issued.  But the previous suit of this plaintiff presented, as we think, a demand on the claims evidenced by the warrants.  It is clear that the judgment in such a suit is *res judicata* as to the claims or warrants, whether or not proof was offered of the claims. In the spirit of the authorities, the *res judicata* applies to all grounds available to sustain the demand.  In the decisions cited by plaintiff from 26 An. 59 (Sterling vs. Parish of West Feliciana), and 28 An. 80 (Mathe vs. Parish of Plaquemines), the court reserved the right of plaintiff to renew his suit on the claims.  The reservation is suggestive of the force the decree, without the qualification, would have carried.  Without that reservation, the decree, unless one of non-suit, we think, is *res judicata* of the demand, and as to all grounds controverted or susceptible of being urged in support of the demand.  We think the judgment in the previous suit concludes plaintiff as to all the claims or warrants sued on in that suit. C. B., Arts. 2285, 2286; Osburn vs. Bank, 2 An. 494; Megget vs. Lynch, 8 An. 6; Ludeling vs. Chaffe *et al.*, 40 An. 646; Cromwell vs. County of Sac, 94 U. S. 352; Grange vs. Singleton, 32 An. 898.

The claims against the parish not concluded by *res judicata* are resisted by the pleas of prescription of one, three and five years. Civil Code, Articles 3534, 3538, 3540.  The warrants are relied on as acknowledgments, but viewed merely as such, they did not change the character of the debt, but only gave a new date to the prescriptions applicable to the claims.  C. C., Arts. 3516, 3551, *et seq.* These prescriptions are one, three and ten years (C. C., Arts. 3534, 3538, 3544), not five years, as held by the lower court.  That of one year applies to fees of justices and constables; that of three years, to recorders' sheriffs' and clerks' fees; that of ten years to all other items of plaintiff's list of claims, unless on accounts or other charac-

ter subject to prescription by the Code or Revised Statutes. The record does not enable us to determine the character of the items in plaintiff's schedule of claims attached to the petition, and there is no testimony on the subject. Announcing our conclusion as to the prescriptions applicable, and adding that, in our view, prescription interrupted, first by the issue of warrants, and later by the suit, the last interruption giving a new date for prescription, beginning with the end of that suit, we will remand the case in order that with the requisite proof the lower court may finally close the controversy. The inquiry for the lower court will be as to the claims not included in the previous litigation, prescribed before the present suit was instituted; and to the claims not thus prescribed, the lower court will apply the prescriptions indicated in this opinion.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be and it is hereby affirmed so far as it maintains the plea of *res judicata;* in other respects it is annulled and reversed, and the case is remanded for further proceedings in accordance with the views herein expressed, the defendant to pay costs.