BREAUX, J.
Eustace J. Sherman, under-.tutor of the minor Rhea Marie Philomene Bachemin, appeals from a judgment rendered in the above case, maintaining the exception of plaintiff, Louis R. Alba.
The grounds of the exception maintained were that the questions involved had been settled by a judgment rendered on January 16, 1903, in which exceptor alleges the demand here involved was rejected, and in the alternative in this exception plaintiff averred that Sherman, undertutor, even if the judgment pleaded as res judicata is not res judicata, is without right or authority to institute the proceedings and ask for the relief therein claimed.
• The judgment before referred to, from which this appeal was taken, maintains the said exception on the “ground of irregularity,” to quote from the judgment.
■The judgment upon which the plea of res judicata is based was signed on January 22, 1903. It dismissed the petition of intervention of Eustace J. Sherman, undertutor, and George H. Magner, “for want of capacity to appear on behalf of the minor Rhea M. P. Bachemin.” We take it that this intervention was dismissed, and the judgment to which we have just referred was rendered, because it did not appear to the court’s satisfaction that the interest of the minor was in opx>osition to the interest of her natural tutrix.'
In order to pass intelligently upon the plea of res judicata we have had to examine and consider the petition of intervention which was dismissed as before mentioned, and we found that the following quoted from the judge’s opinion is correct:
"There is no allegation in the petition that the interest of the minor is in opposition to the interest of the tutrix, and no testimony was introduced to show such opposition.”
We do not for an instant propose to pass upon any action of the court a qua from which no appeal has been taken, any further than to state that the petition in the case did not present the issues which were afterward presented in the second petition of intervention.
We have just seen that in the first petition of intervention an essential allegation was wanting — that is, an allegation of the opposite interests, or conflict of interests, between the minor and her tutrix.
But it is different in the second petition of intervention. Interveners do allege in this second petition that there is opposing interest between these two, minor and tutrix, and, while no judgment could have been rendered in the first petition of intervention, the petition in the second intervention alleges sufficiently, if correctly alleged, to sustain a judgment, as it sets forth that which the trial judge said the first intervention did not contain.
Moreover, other grounds than were alleged in the first petition are alleged in the second petition that are of a serious nature; and, in the interest of the minor,, they should be *553 examined into. The matter is before us on exception, and it admits, for the purpose of its trial, the allegation of facts contained in the petition. If these facts are as ayeged, then the undertutor has the right to stand in judgment, for not only there are opposing interests between the tutrix and her ward, but some of the acts charged render it of the utmost importance that the undertutor be heard, and the charge he presents against the tutrix be decided.
The undertutor (appellant) inter alia alleges that the tutrix has willfully failed to make mention of all the property of the succession of her late husband on the -inventory.
Furthermore, that she avoided intervening in litigation needful to the protection of her minor’s interests; that she had failed and neglected to present proper legal defenses against the claim of plaintiff in a suit in which she had been cited to defend her minor’s interests.
But above all the interveners in the second petition of intervention charge that Mrs. Ulrika Marie Bachemin, as natural tutrix of her minor child, and plaintiff, Louis R. Alba, have associated and combined for the purpose of perpetrating a fraud upon the said minor,, and to take from her her right in and to the amount of the certain life insurance policy 84,346; that a petition of intervention was drawn by her in pursuance of the scheme to wrong the minor for the benefit of plaintiff Alba; that she is to receive an amount from him for her personal use, and to the detriment of the minor’s interests, who, in consideration of this amount, is not to be allowed the amount to which she is entitled.
The different acts charged in the second petition of intervention render it evident, if taken as true (as required under the well-known rule of practice), that some person should see to the interests of the minor other than the tutrix by whom she is now represented.
Why should not that person be the under-tutor?
The text seems broad enough to admit of his intervention in some cases, and the one in hand has every appearance of being of the number.
It is not because the proceedings are judicial that the undertutor cannot be heard in the interest of the minor in opposition to the tutrix. The interests of minors are in charge of the tutor and the undertutor acting under the court’s direction.
We do not for an instant entertain the idea that the undertutor can generally be substituted to or take the place of the tutor, or that the undertutor can act in matters affecting the settlement of the succession.
Nothing of this sort is intended.
But in an extreme case as this is, under the special supervision of the district court, the undertutor is authorized, we think, to judicially ascertain if an amount of a policy belongs to a minor. If it does, it must necessarily be placed in the depository of the court, and there remain until it is evident that the interests of the minor are safeguarded. These steps do not involve the usurpation of the functions of the tutor, nor the settlement of a succession as urged.
For reasons assigned, the judgment of the district court is avoided, annulled, and reversed.
It is further ordered, adjudged, and decreed that this cause be remanded, and that it be re-entered on the docket of the district court, and proceeded with according to law and the views before expressed.