GENERAL OUTDOOR ADVERTISING CO., INC., v. HOLLANDER

(October 29, 1928. Opinion and Decree.)
(November 13, 1928. Rehearing Refused.)

Lemle, Moreno & Lemle, of New Orleans, attorneys for plaintiff and appellant.

A. B. Leopold, of New Orleans, attorney for defendant and appellee.

JONES, J. Plaintiff, as successor to all the rights of Thos. Cusack Co., demands cancellation of a lease made by its predecessor, with defendant for use of roof of building at 538-542 Camp Street, for advertising purposes on the ground that defendant had violated its obligation by permitting the use of other signs on the building.

After filing exception of no cause of action and vagueness, which were overruled, defendant answered denying generally the breach and urging as a special defense, "estoppel," on the ground that defendant had judgment, later affirmed by this Court, in a suit against Thos. Cusack Company in the City Court in April, 1926, for three months unpaid rent amounting to $90.00, although the defendant company had pleaded as a defense to that suit the very reason it now urges in present petition.

In the trial of this case, without hearing the merits, the plea of estoppel was maintained and the suit was dismissed. In this Court defendant urges his exception of no cause of action on the ground that there was no allegation that defendant consented to the transfer of this lease. To support this contention he cites C. C., Arts. 2669 and 2692, and Knapp vs. Guerin, 144 La. 754, 81 So. 302. As none of these authorities have any bearing on this point and as leases are transferred every day without consent of the lessee, the argument has no merit.

Though the special defense was urged as a plea of estoppel in the trial court and was so called by the judge, it is referred to here both in argument and brief as a plea of "res judicata." As courts are governed by the essence and not the name of pleadings, we shall treat the defense here as a plea of "res judicata," because by so doing we can go thoroughly into the issue.

In so doing we wish to emphasize the fact that we fully recognize that in this state the two pleas are essentially different, the one being equitable and the other statutory. Here we consider the defense as misnamed "estoppel" but really "res judicata."

This plea is untenable because the fundamental issues in the suits are not the same. In the City Court suit the thing demanded was $90.00, three months' rent. In this suit the thing demanded is the cancellation of the lease.

The fact that plaintiff got judgment, does not show that the defense of prior breach of contract of lease, by allowing them to use the building for advertising signs was not sustained.

It may very well be that there had been a prior breach by plaintiff but that defendant could not avail itself of that defense, at that time, for many different reasons, among them, want of default, waiver of rights by permitting such use, without protest, etc.

One of the leading cases wherein this principle is stated is State vs. American Sugar Refining Co., 108 La. 603, 32 So. 965. There the State sued the American Sugar Refining Company for a license tax and was met by the defense that the company was exempt because it was engaged as a manufacturer. The plea of res judicata was set up, on the grounds that it had been sued for the taxes of 1898, and the Court had held that it was not a manufacturer, and, therefore, it could not set up that defense when sued for the taxes of 1900 and 1901. In rejecting the plea of res judicata the Court said:

"The law of res judicata is stated with great simplicity and precision by Article 2286, Civ. Code, as follows: 'The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same qualities. * * * The exception of the thing adjudged is stricti juris, and, if

there should be any doubt as to the identity of the things claimed, or of the persons claiming them, it cannot be maintained.' West vs. His Creditors, 3 La. Ann. 529. 'The plea of res judicata is without force, unless the object demanded in the former suit was precisely the same as that demanded in the action pending.' Edwards vs. Ballard, 14 La. Ann. 362. 'The only test as to the effect of a decree is its finality as to the matters embraced in it, and its having the requisites of Articles 2265 (2286) of the Civil Code.' Kellam vs. Rippey, 3 La. Ann. 203. 'The authority of res adjudicata takes place only with respect to what was the object of the judgment.' Succession of Durnford, 1 La. Ann. 92. See also, First Presbyterian Church vs. City of New Orleans, 30 La. Ann. 259, 31 Am. Rep. 224; Slocomb vs. DeLizardi, 21 La. Ann. 355, 99 Am. Rec. 740; State vs. Jumel, 30 La. Ann. 861; Carre vs. City of New Orleans, 41 La. Ann. 996, 6 South. 893; Plicque vs. Perrot, 19 La. 327; and innumerable other cases. Our court has never wavered, that we know of, in the rigid exaction of the three identities.

\* \* \*

"The basic principle of res judicata is found in the necessity that a time should come when the litigation shall cease, in order that the decree of the court may be carried out. This is what the law concerns itself with, that the object of the judgment shall not remain enternally in suspense, but be delivered into the quiet and undisturbed possession of the successful litigant. This is what the Code means when it says that 'The authority of the thing adjudged takes place only with respect to what was the object of the judgment.' The law by virtue of which the object of the judgment is delivered is no part of the object of the judgment. It is only one of the reasons for judgment, and res judicata does not take place with respect to the reasons for judgment, but 'only with respect to what was the object of the judgment.' "

In the case of Woodcock vs. Baldwin, 110 La. 270, 34 So. 440, Baldwin had obtained an injunction against Woodcock to prevent him from interfering with the possession of certain property which each claimed. The injunction against Woodcock had been made perpetual, but in subsequent litigation Woodcock sued Baldwin for rent of the premises and the latter set up the judgment in the injunction suit as res judicata. The Court, in overruling the plea, said:

"The doctrine of the common law courts that res judicata includes not only everything pleaded in a cause, but even that which might have been pleaded, does not obtain generally under our system.

"Here in Louisiana the doctrine is much more restricted than in common law states. State of Louisiana vs. The American Sugar Refining Co., (recently decided), 108 La. 603, 32 South. 965.

"It is with us of statutory declaration and its scope and extent is defined and limited by the codal provisions of the law. Thus, Civ. Code, Art. 2286, declares that the authority of the thing adjudged takes place only with respect to what was the object of the demand. The thing demanded must be the same and the demand just be founded on the same cause of action."

There is nothing in the later jurisprudence of this State to warrant the upsetting of so elemental a principle so long applied to the decision of the plea of res judicata. As the thing demanded in the suit of Hollander against Cusacks Company was rent and the thing demanded in the suit of the General Outdoor Advertising Company against Hollander is the cancellation of the lease, there is not the necessary identity of the object demanded to apply the principle of res judicata. The judgment of the lower court must be reversed and the case remanded for further proceedings.

This judgment is therefore reversed and it is now ordered that the case be remanded for further hearing.