O'HANLON v. PHOENIX BLDG. & HOMESTEAD ASSN.

(October 19, 1931. Opinion and Decree.)

Joseph Rosenberg, of New Orleans, attorney for plaintiff, appellant.

Delvaille H. Theard, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. The Phoenix Building & Homestead Association on April 24, 1930, brought suit against Mrs. Mamie M. Quarella and James O'Hanlon, and in its petition alleged that Mrs. Quarella was indebted to it in the sum of $6,126.07, less certain credits on a promissory note secured by a vendor's lien and mortgage effecting certain real estate described in the petition. It also alleged that the note sued on was additionally secured by a certain pledge of O'Hanlon of sixteen shares of full paid stock in the plaintiff corporation, the pledge having been made on January 27, 1927, by virtue of a certain instrument in writing, reading as follows:

"I, the undersigned, agree to deposit with the Phoenix Building & Homestead Association Sixteen hundred and 00/100 Dollars ($1,600.00) paid up stock as security for a loan to Mrs. Marie Messina Quarella."

Judgment was prayed against Mrs. Quarella for the amount due under the note sued on, and against O'Hanlon in foreclosure of the pledge. To this petition, an exception of no cause of action was filed by O'Hanlon, which was maintained, and the suit as to O'Hanlon dismissed.

Thereafter, on August 4, 1930, O'Hanlon brought the present suit against the Phoenix Building & Homestead Association alleging that the homestead was in possession of a certain certificate No. 16,071 calling for sixteen shares of its capital stock which the homestead arbitrarily declined to surrender to him, and prayed that he be declared the owner of the stock, and that the homestead be ordered to deliver same to him.

The homestead answered setting up its right to retain the stock under a pledge, and setting up in addition to the agreement of February 10, 1927, relied on in its suit against O'Hanlon and Mrs. Quarella, the following agreement of October 5, 1929:

"You are hereby authorized to have your Notary prepare the necessary Act of Assumption allowing the Messrs. R. and S. Cavevich to assume the loan which you have made to Mrs. Mamie Messina Quarella, on property known as: 936-39 St. Roch Avenue, on which loan I have Sixteen Hundred Dollars of Full Paid Stock pledged as additional collateral, and agree to allow this stock to 'so remain pledged against the loan that is being assumed by the Messrs. Cavevich, under all the terms and conditions agreed on when the stock was pledged for account of the loan made Mrs. Mamie Messina Quarella."

It asked for judgment rejecting plaintiffs' demand, and for recognition of its right of pledge upon the stock demanded by plaintiff. Plaintiff filed a plea of res judicata based upon the dismissal of the former suit.

The plea of res judicata was overruled, and the pledge of the homestead recognized. Plaintiff has appealed.

Article 2286 of the Civil Code reads as follows:

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

The homestead company in its suit against Mrs. Quarella and O'Hanlon relied upon the agreement of January 20, 1927, to the effect that O'Hanlon agreed to deposit with it "Sixteen hundred and 00/100 Dollars ($1,600.00) paid up stock as security for loan to Mrs. Marie Messina Quarella." There was no allegation in that suit that O'Hanlon had deposited the

stock, consequently the petition was fatally defective in that regard, since delivery is essential to constitute a pledge. In re Pleasant Hill Lumber Company, 126 La. 743, 52 So. 1010. The exception of no cause of action addressed to the petition in that case was properly maintained.

In the present suit, in addition to the writing of January 20, 1927, the defendant sets up another instrument under date of October 3, 1929, signed by O'Hanlon, which admittedly evidences a complete pledge of the stock in question. Plaintiff objects to a consideration of this second agreement upon the ground that defendant's failure to plead it in the former suit precludes its consideration here, citing Samuels v. Parsons, 146 La. 262, 83 So. 548, 551, to the effect that "all the issues urged, or which might have been urged, as defenses necessarily arising in a suit, are concluded by the judgment." Plaintiff's contention would be correct if the petition had fully set forth the merits of the claim so that a judgment therein would be decisive of the issue presented. But a judgment maintaining an exception of no cause of action because of insufficiency of allegation, and not going to the merits of the controversy, cannot form the basis of a plea of res judicata. Interdiction of Giacona, 158 La. 148, 103 So. 721; Succession of Herber, 119 La. 1064, 44 So. 888; Ducros v. St. Bernard Cypress Co., 164 La. 787, 114 So. 654; Plantiazo v. Snell, 3 La. App. 590.

The plaintiff's case is pitched solely upon the exception of res judicata which we, like the trial judge, find to be inapplicable here. There being no defenses on the merits, the judgment appealed from, for the reasons herein assigned, is affirmed.