## SPEAKMAN v. BERNSTEIN.

### No. 6437.

Circuit Court of Appeals, Fifth Circuit.

June 8, 1932.

William D. Tatlow, of Springfield, Mo., Allen McReynolds, of Carthage, Mo., and Sidney M. Cook, of Shreveport, La., for appellant.

Robert A. Hunter, of Shreveport, La., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Speakman, as trustee in bankruptcy of Tex-la-homa Oil Corporation, sued Bernstein as a former director to recover the amount of dividends declared and paid when the corporation had no net profits. A former suit between the same parties to recover among other things the same dividends terminated after full trial adversely to Speakman by a judgment of the Supreme Court of Louisiana, Smalley v. Bernstein, 165 La. 1, 115 So. 347, and that judgment was pleaded as res judicata and the plea sustained. Speakman appeals. Bernstein having died pending the appeal, his executors have been made parties.

The judgment of a state court has in a federal court only such effect as res judicata as is given it under the laws of the state. Wright v. Ga. R. R. & Banking Co., 216 U. S. 420, 30 S. Ct. 242, 54 L. Ed. 544. The law in Louisiana of the thing adjudged is in close accord with that applied in the courts of the United States. New Orleans v. Citizens' Bank, 167 U. S. 371, 398, 17 S. Ct. 905, 42 L. Ed. 202. There Heroman v. Louisiana Institute, 34 La. Ann. 814, is quoted thus:

"No principle of the law is more inflexible than that which fixes the absolute conclusiveness of such a judgment upon the parties and their privies. Whether the reasons upon which it was based were sound or not, and even if no reasons at all were given, the judgment imports ·absolute verity, and the parties are forever estopped from disputing its correctness. * * * 'Matters once determined in a court of competent jurisdiction, may never again be called in question by parties or privies against objection, though the judgment may have been erroneous.'" The Civil Code, art. 2286, requires that the thing demanded must be the same, the demand must be founded on the same cause of action, and be between the same parties in the same quality. It is conceded that the required identities exist here except that section 35 of the General Corporation Law of Delaware (Rev. Code Del. 1915, § 1949, as amended by 35 Del. Laws, c. 85, § 17) was not pleaded and proven as a fact in the case in the Louisiana court, and that court not judicially noticing it treated the rights of the parties as governed by the law of Louisiana, held that the right of action respecting illegal dividends was not in the corporation but in the creditors, and the trustee representing the latter was barred by a prescription of one year, although, had the right been in the corporation, ten years might have been the bar. In the present suit as in the former one it is alleged that the corporation was formed under the laws of Delaware, that the dividends were willfully and negligently declared and paid, and section 35 is not specially mentioned. But it is contended that the federal courts will judicially notice that that section prohibits the making of dividends except out of surplus or net profits, and makes the directors in office at the time liable to the corporation and its creditors for willful or negligent violation of the prohibition at any time within six years in case of dissolution or insolvency unless the director enters his dissent on the minutes. This situation is urged as presenting a different cause of action in this court. We do not think so. The cause of action in both cases is the willful and negligent making of the same unlawful dividends by the director and in both the trustee represents the same persons. The case could not be litigated on the merits to a conclusion under the law of Louisiana and then relitigated under the law of Delaware, even though the latter law is to be considered as only a fact in the case. That fact might have been proven in the former case, for it was alleged that the corporation was organized under the laws of Delaware. The trustee could not omit it, whether deliberately or negligently, and afterwards seek to include it, not by way of applying for a new trial, but in a new suit in another court. He was bound to put forward his whole right and every title to recovery when given his day in court. Interest rei publicæ ut sit finis litium is the maxim in Louisiana as elsewhere. Chadwick v. Gulf States, etc., Co., 49 La. Ann. 757, 22 So. 237; United States v. Throckmorton, 98 U. S. 61, 64, 25 L. Ed. 93. In Louisiana a party must exercise diligence to raise all issues and introduce all evidence, Lindquist v. Maurepas Land & Lumber Co., 112 La. 1030, 36 So. 843, cannot withhold grounds he should have stated and, after being cast, file another suit setting forth the facts originally alleged and those withheld, Brooks v. Magee, 126 La. 388, 52 So. 551, nor reserve what he pleases and make it the basis of a new litigation, Gajan v. Patout & Burguieres, 135 La. 177, 65 So. 17. Res judicata applies to all grounds available to sustain the demand. Flagg v. Parish of St. Charles, 48 La. Ann. 765, 19 So. 944. The final judgment puts an end to every plea or defense which either of the parties might successfully have made. Succession of Whitner, 165 La. 769, 116 So. 180; Typhoon Fan Co. v. Pilsbury, 166 La. 883, 118 So. 70. To the same effect are Grubb v. Public Utilities Comm., 281 U. S. 470, 50 S. Ct. 374, 74 L. Ed. 972; Werlein v. New Orleans, 177 U. S. 390, 20 S. Ct. 682, 44 L. Ed. 817. The litigation was rightly held to be concluded by the decision of the Supreme Court of Louisiana.

Judgment affirmed.