**LERNER v. BISCHOFF et al.**

No. 17211.

Court of Appeal of Louisiana. Orleans.

Jan. 9, 1940.

Rehearing Denied Feb. 26, 1940.

Montgomery & Montgomery, of New Orleans, for appellant.

Cobb & Saunders and Charles D. Marshall, all of New Orleans, for appellees.

McCALEB, Judge.

The plaintiff has appealed from a judgment of the trial court which dismissed his suit on the defendants' plea of res adjudicata. The plea is based upon the following state of facts:

On August 11, 1933, plaintiff filed a suit against the defendants in the First City Court of New Orleans, seeking judgment in the sum of $225 with interest. He alleged that the defendants are the heirs of one Leon Bischoff, deceased; that they had accepted the succession of Bischoff purely, simply and unconditionally; that on September 15, 1930, he had loaned the sum of $300 to Bischoff; that Bischoff signed and delivered to him a promissory note bearing 8 per cent interest for the amount of the loan; that the note had been mislaid; that the defendants had waived the necessity of requiring him to advertise for the lost instrument as provided by Article 2280 of the Civil Code; that Bischoff had paid on account of the indebtedness the sum of $75 and that there is a balance of $225 due and owing by the defendants as heirs of the deceased.

In answer to this suit, the defendants admitted that they were the heirs of Bischoff and that they had accepted his succession purely, simply and unconditionally. They denied, however, any indebtedness whatsoever to the plaintiff, stating that they were without knowledge of the alleged obligation of the deceased and called upon plaintiff for strict proof of it.

The case proceeded to trial on the foregoing issue. In an attempt to prove his case, the plaintiff called both of the defendants to the witness stand for cross-examination and sought, unsuccessfully, to have them admit the existence of the debt. Failing in this, he took the stand in his own behalf and attempted to prove Bischoff's obligation to him by parol evidence. When his testimony was tendered, counsel for the defendants objected to its admission on the ground that, under the provisions of Act No. 207 of 1906, as amended by Act No. 11 of 1926, parol evidence is incompetent to prove any debt or liability on the part of a party deceased if a suit upon the asserted indebtedness or liability shall have been brought more than 12 months after the death of the deceased. It being conceded by the parties to the con-

troversy that the deceased had died more than 12 months from the date of the filing of the suit, the trial judge sustained the objection made by the defendants' counsel and excluded the verbal proof offered by plaintiff. In addition to this, the judge dismissed the plaintiff's suit because it was evident that plaintiff was not in a position to produce written proof of the indebtedness. On appeal to this court, the judgment of the lower court was affirmed. See 157 So. 822.

More than five years later, on March 1, 1939, the plaintiff, alleging that he had found the lost promissory note, brought the present action against the defendants in their capacity as heirs of Bischoff to recover judgment on the debt. The defendants have interposed an exception of res adjudicata which is based upon the former judgment dismissing plaintiff's suit.

Art. 2286 of the Revised Civil Code provides: "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

It is apparent that the facts of the instant case present all of the essentials required by the codal article for the maintenance of a plea of res adjudicata. The thing demanded in this action is identical with that demanded by plaintiff in the first suit, i. e., a judgment against the defendants for $225. The demand is founded upon the same cause of action, i. e., indebtedness of the deceased to plaintiff and liability of the defendants as heirs of the deceased. The suit is also between the same parties and formed by them against each other in the same quality.

Counsel for plaintiff nevertheless contend that the plea of res adjudicata is not tenable. They assert that, in the first suit, the issue of the defendants' indebtedness to plaintiff was not passed upon and that the decision in that matter was limited solely to the question of whether parol evidence was admissible to prove the debt of a deceased person where the suit had been brought more than 12 months after his demise.

■ It is well recognized that, in the absence of a trial of the merits of a case in the first instance, a plea of res adjudicata will not be sustained where the issue presented, although identical with that formed in the previous litigation, has not been determined by the court. See O'Hanlon v. Phoenix Building & Homestead Association, 17 La.App. 673, 137 So. 223, interdiction of Giacona, 158 La. 148, 103 So. 721, Succession of Herber, 119 La. 1064, 44 So. 888, Sander, et al. v. New Orleans & Northeastern Railroad Co., et al., 139 La. 85, 71 So. 238, Succession of Williams, 153 La. 206, 95 So. 607, Alba v. Provident Savings Life Assurance Society, 112 La. 550, 36 So. 587, Penouilh v. Abraham, 43 La.Ann. 214, 216, 9 So. 36, Laenger v. Laenger, 138 La. 532, 70 So. 501, Buck & Beauchamp v. Blair & Buck, 36 La.Ann. 16, Hoggatt v. Thomas, 35 La.Ann. 298, and Laroussini v. Werlein, 50 La.Ann. 637, 23 So. 467.

■ Conversely, it is also settled that, after a case has been heard on its merits, a judgment dismissing the suit is final and forms the basis for the maintenance of a plea of res adjudicata. See Plicque & Lebeau v. Perret, 19 La. 318, Fluker v. De Grange, 117 La. 331, 41 So. 591, Glaude v. Peat, 43 La.Ann. 161, 8 So. 884, Granger v. Singleton, 32 La.Ann. 898, Flagg v. Parish of St. Charles, 48 La.Ann. 765, 19 So. 944, Succession of Moore, 42 La.Ann. 332, 7 So. 561, and Bradford v. Cook, 4 La.Ann. 229.

■ In view of the foregoing authorities, the question presented for determination here is whether or not there was a final adjudication of the merits of the controversy in the first suit filed by the plaintiff. It appears from the record in that case that the plaintiff's claim was founded upon a debt of Bischoff which he alleged was evidenced by a promissory note. We say "evidenced by a promissory note" because, under Article 1762 of the Civil Code, the indebtedness exists independently of the note and the instrument itself is merely a facility to the creditor in proving the fact of the obligation. See Armato v. Ross, La.App., 170 So. 400. In the first suit brought by plaintiff, he alleged that the note executed by the deceased had been mislaid and that he could not produce it. Because of this, he was compelled to depend upon other evidence to prove the existence of the obligation. He therefore attempted to obtain from the defendants, whom he placed on the stand for cross-examination, admissions concerning the indebtedness of the deceased. The answers of the defendants to the questions pro-

pounded to them were unavailing to plaintiff because they stated that they were without knowledge of the alleged debt. In this state of affairs, plaintiff tendered his own evidence and sought to testify concerning the facts alleged in his petition. Upon timely objection by defendants' counsel, the evidence was rejected 'for the reasons which we have heretofore pointed out. No written evidence of the asserted debt was submitted by plaintiff and the court properly dismissed his suit. Plaintiff might have requested of the court that his case be dismissed as of nonsuit. Not only did he fail to make such a request but, on his appeal to this court, he did not suggest that any further right be reserved to him in the event we decided that the trial judge was correct in rejecting his parol testimony.

The argument of the plaintiff in this case is, in truth, a request upon us to change the previous judgment of absolute dismissal to a dismissal as of nonsuit. This we cannot do. The record in the first suit reveals to our satisfaction that the case was fully tried upon the merits of plaintiff's claim and that the plaintiff produced all available evidence which he had at his command at that time for the purpose of proving the existence of the obligation of Bischoff and the defendants' liability therefor. It cannot be said that the trial judge limited plaintiff's right to make out his case by offering competent evidence. The fact that plaintiff was unable to do so does not in any way affect the finality of the judgment since no right was reserved to him to institute further proceedings.

The position of the plaintiff in this matter is similar to that of a litigant who fails, at the hearing, to sustain the allegations of his pleadings and, after an adverse judgment of absolute dismissal, discovers new evidence which will support his claim. In such case, he may not litigate the same question against unless the judgment dismissing his previous action is one of nonsuit.

It is therefore our opinion that the exception of res adjudicata filed by the defendants is well taken and that the judge of the lower court was correct in maintaining it.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

JANVIER, Justice (dissenting).

The only issue presented—whether the indebtedness sued on exists—has never been passed upon. My associates concede this, for in the majority opinion it is stated that the first suit was dismissed "because it was evident that plaintiff was not in a position to produce written proof of the indebtedness". The only question which was involved in the earlier suit was whether parol evidence of the debt should be admitted in view of the fact that the suit had been brought more than twelve months after the death of the alleged debtor. Our opinion in that first case shows clearly that only that issue was presented. See Lerner v. Bischoff et al., 157 So. 822, in which we said:

" * * * the only one (defense) with which we are now concerned is that which is based upon Act No. 207 of 1906, as amended by Act No. 11 of 1926 (page 11), and which reads, in part, as follows:

" 'That parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought within a delay of twelve (12) months after the death of the deceased.' Section 2."

Obviously the question of whether a debt existed was not determined in that case, and I cannot read that record without concluding that the only question considered below, or in this court, was not whether the debt existed, but solely whether oral evidence concerning it might be introduced.

Now that the note has been found, there is no reason—unless prescription has accrued—which should prevent the holder from attempting to assert his rights under it. The effect of the judgment in the earlier suit was merely to nonsuit the plaintiff, for it clearly states that it is based on the fact that the evidence tendered was not admissible.

The force and effect of a judgment and whether it constitutes res judicata depends not upon its actual wording, "but upon the issues considered and the stage of the proceedings at which the order or decree was rendered." Laenger v. Laenger, 138 La. 532; 70 So. 501, 504.

It is well established that the plea of res judicata is to be strictly construed. West v. His Creditors, 3 La.Ann. 529; Kendig & Co. v. Campbell, 2 McGloin 275;

State v. American Sugar Ref. Co., 108 La. 603, 32 So. 965; R. McWilliams, Ltd. v. Gulf States Land & Imp. Co., 111 La. 194, 35 So. 514; General Outdoor Adv. Co. v. Hollander, 9 La.App. 339, 120 So. 490; Adkins v. Cason, La.App., 170 So. 366.

I respectfully dissent.