Mr. and Mrs. Louis S. Pannagl have prosecuted this appeal from a judgment maintaining exceptions leveled at their petition by the defendant.
On October 1, 1947, plaintiffs filed suit against defendant seeking to evict him from the premises No. 3714 Johnson Street in Jefferson Parish, Louisiana, which they allege had been leased to him in writing on a sixteen months basis at a monthly rental of $40 payable in advance. The petition avers that plaintiffs desire possession of the premises for their own use and occupancy; that the lease expired on September 30, 1947, and that defendant, although duly notified to do so, refused to vacate. A rule ordering defendant to show cause why there should not be judgment in favor of plaintiffs as prayed was duly issued.
On the day fixed for the trial of the rule, defendant interposed several exceptions, one of which is the exception of no cause of action, which was maintained by the lower court and the suit was dismissed. We are informed by counsel that the exception was based on the failure of plaintiffs to allege that they were in good faith in seeking possession of the premises.
Section 209 of Public Law No. 129, 80th Congress, 50 U.S.C.A.Appendix, § 1899, provides in part as follows:
"(a) No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless —
* * * * * *
"(2) the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodation;" (Italics ours.)
No appeal was taken, and on October 10, 1947, plaintiffs filed another suit seeking to dispossess defendant, in which they alleged that occupancy was sought by them in good faith.
Again a rule to show cause was issued on defendant, and on the return day defendant filed several exceptions, among which were those of res judicata and no right of action, which the trial court maintained and the suit was dismissed.
Counsel for appellee argues that the judgment rendered in the original proceedings, dismissing the suit because plaintiffs had failed to allege that they were in good faith, constituted res judicata as to the *Page 346 
second suit since both parties were the same and since the issues were identical.
That the judge of the lower court was in error in sustaining the plea of res judicata is evident from a mere reading of Art 539 of the Code of Practice, which provides.
"Definitive or final judgments are such as decide all the points in controversy, between the parties.
"Definitive judgments are such as have the force of res judicata."
[1, 2] The trial court has never decided any of the points in controversy between the parties to this action, as there has never been a trial upon the merits. A judgment maintaining exception of no cause or no right of action based on insufficiency of allegations cannot form the basis of a plea of res judicata. Williams et al. v. Missouri Pacific R. Co. et al., La. App., 6 So.2d 79; Arceneaux v. Louisiana Highway Commission, La. App., 5 So.2d 20; Schneckenberger v. John Bonura Co., Inc., 14 La. App. 692, 130 So. 870; O'Hanlon v. Phoenix Bldg. Hmstd. Ass'n, 17 La. App. 673, 137 So. 223; Cornish v. Chancy et al., 177 La. 10, 147 So. 363; Interdiction of Giacoma, 158 La. 148, 103 So. 721.
We said in Arceneaux v. Louisiana Highway Commission, supra [5 So.2d 23]:
"All that a plaintiff, whose suit had been so dismissed, would have to do would be to file a new suit, * * *"
Our brothers of the Second Circuit, in the case of Williams et al. v. Missouri Pacific R. Co., supra, said [6 So.2d 82]:
"* * * When this exception is directed against the efficacy of the petition and is sustained, without right to amend, and no amendment is tendered, the judgment thereon will be one of nonsuit. * * *"
Code of Practice, Art. 536, in treating of a nonsuit, provides:
"If, after the cause has been set down on the docket for trial, the plaintiff does not appear, either in person of by attorney, to plead his cause, on the day fixed for trial, the defendant may require that judgment of nonsuit be rendered against such plaintiff, with costs.
"But such judgment can not be pleaded, as res judicata, or in bar of another suit, for the same cause of action, provided the plaintiff show that he has paid the costs of the first suit."
In support of the exception of no right of action, counsel for defendant argues that the vacate notice used as the basis for the prior suit could not successfully serve as a predicate for the second suit. However, counsel has not favored us with authorities so holding, and we have been unable to locate any.
[3, 4] The second suit effectively alleges that on August 19, 1947, defendant was notified to quit the premises at the expiration of the lease, and we know of no reason why that notice cannot be used, as the judgment dismissing the first action must be treated as one of nonsuit. The allegations of the petition, for the purpose of hearing the exceptions, must be taken as true, and the allegation that the notice was duly served more than thirty days before the expiration of the lease is one of compliance by the landlords with Sec. 2155 of the Revised Statutes, as amended by Act 55 of 1926, Sec. 6597, Dart's La.Gen.Stat., which in part reads:
"* * * If the owner or his agent shall be desirous of obtaining the possession of the said leased premises for any other reason or cause, such as, for the purpose of leasing the said premises to another tenant or otherwise, he shall give to the tenant a notice in writing to vacate, * * * thirty days before the expiration of the said lease, if the said lease be in writing, and for a term of one or more years or otherwise, other than by the month."
Plaintiffs were entitled to bring their suit anew when the original one was dismissed on the exception, and the notice to vacate did not lose its efficacy.
[5] The other exceptions were not passed upon by the lower court, and for that reason cannot be considered by us. See Dart's Louisiana Digest, Second Series, verbum, "Appeal," Sec. 197.
For the reasons assigned, the judgment appealed from is annulled, and it is now *Page 347 
ordered that the exceptions of res judicata and no right of action filed by defendant are overruled, and this case is remanded to the district court for further proceedings according to law and the views herein expressed. Defendant-appellee is to pay the costs of this appeal — all other costs to await final determination hereof.
Reversed and remanded.